## No. 16,418.

GOSSARD *v.* WATSON ET AL.
(221 P. [2d] 353)

Decided July 29, 1950.

Messrs. COLE & COLE, for plaintiff in error.

Mr. Sid Pleasant, Mr. Fred A. Videon, for defendants in error.

*En Banc.*

Mr. Justice Stone delivered the opinion of the court.

Review is sought by plaintiff of an adverse judgment rendered in his action for damages resulting from an automobile accident. At the close of plaintiff's evidence, motion for nonsuit on the ground that there was not sufficient evidence to go to the jury was denied by the court, but at the close of all the evidence motion for directed verdict interposed by defendants on the same ground was sustained. The only question here involved is whether the court erred in directing the verdict.

It is undisputed that plaintiff, at the time of the accident, was traveling south in a Ford one-ton pickup being driven by his employee Sandoval; that they followed a large truck belonging to defendants and driven by one of their drivers and were themselves followed by a second large truck also belonging to defendants and driven by one of their drivers. A short distance south of the Yampa River bridge, just as the lead truck caught up with a trash wagon going in the same direction, the lead truck driver saw a loaded coal truck coming around a curve ahead of him and brought his truck to a stop, or near stop, behind the trash wagon. As this was taking place, plaintiff's pickup suddenly swung out from behind defendants' lead truck and went diagonally across the other traffic lane where it was struck by the northbound truck, with resultant injury to plaintiff and damage to the pickup.

The vital question in the case was the cause of plaintiff's pickup suddenly swinging over to the wrong traffic lane in the path of the oncoming truck. As to such cause, plaintiff testified in brief that the truck in front of them, which had been going at a moderate rate of speed,

slowed down rather precipitately and that he and his driver who were near it also had slowed down practically to a stop when he felt the impact of some vehicle behind striking their pickup and they were pushed by that impact to the left, almost across the highway where they were hit by the north-bound truck; that he was thrown out of the cab onto the highway, and when he regained his feet saw his pickup standing on the west side of the oil pavement headed in a northwesterly direction and saw on the east side of the highway the north-bound truck which had struck them, with its semi-trailer overturned on the barrow pit and its truck upright on the pavement; that he also saw on the west side of the highway, about fifteen to twenty-five feet north of the pickup, another truck pointed practically south.

Plaintiff's driver, Sandoval, testified in brief that he was going toward Meeker in the pickup, driving behind one coal truck and with another coal truck following; that after crossing the river bridge he was driving in second gear; that he was going about ten to fifteen miles an hour when the truck ahead of him slowed down, and he slowed down; then the truck ahead stopped and he stopped, and the truck behind hit them, gave them a push and a swing, causing the pickup to slide, with the brakes, around through the middle of the highway, where they were struck by the truck coming down over the hill; that he had noticed the truck behind through the mirror, following him "pretty close."

The testimony of defendants' witnesses contradicted that of plaintiff and his driver, but with such evidence we need not now be concerned. The testimony of plaintiff and his driver, above summarized, appears to be inherently credible and in itself sufficient to establish a prima facie case of liability. The trial court must have so considered it in denying motion for nonsuit; if so, the evidence of defendants, in order to justify a directed verdict, must do more than contradict that evidence; it must nullify it.

We find no evidence in defendants' behalf which nullifies plaintiff's evidence, and no evidence establishing his contributory negligence as a matter of law. It is urged that an eighty-eight foot pickup tire mark on the pavement disproves plaintiff's evidence, but the tire mark may have resulted from the pickup being impelled by external force, as well as from excess speed. While physical evidence and lack of evidence of impact on the rear of the pickup and the front of the truck which is claimed to have impelled it forward, as carefully reviewed in the light of the contentions pointed out in defendants' brief, constitute important evidence in the case, still, the inferences to be drawn therefrom are inconclusive. It is urged that the admission of plaintiff and his driver, that they did not see the trash wagon or the oncoming truck, demonstrates that they were negligent in law by driving too closely behind the lead truck; however, even if so, if their testimony is to be accepted, such failure to see was in nowise a proximate cause of the accident.

■ It is finally urged that plaintiff, by his own admission, was guilty of contributory negligence, in that he was violating the statute providing that the driver of any motor truck shall not follow within three hundred feet of another motor truck. If we assume that plaintiff's pickup is a motor truck, within the meaning of the statute, notwithstanding the persuasive reasoning in *Gaumnitz v. Indemnity Ins. Co.*, 2 Cal. App. (2d), 134, 37 P. (2d) 712, and further assume that plaintiff was not within the statutory exception in that he was overtaking the lead truck with the purpose of passing it at first favorable opportunity, still the violation of the statute is not actionable negligence unless it is a proximate cause of the accident (*Colorado Springs Co. v. Allen*, 55 Colo. 391, 135 Pac. 790), and if the accident was caused, as plaintiff and his driver testified, by their vehicle being struck by defendants' truck, their proximity to the truck ahead need not be a bar to recovery.

As we said in *Peters v. Peters*, 73 Colo. 271, 215 Pac. 128, "The jurors being the sole triers of fact, plaintiff is entitled to go to them if he has any legal evidence. The court can not pass upon the weight thereof." Motion for instructed verdict presents a question of law, not one of discretion. "In deciding a motion for a directed verdict, the court must consider the evidence in a light most favorable to the party against whom the motion is directed; his evidence must be taken as true, every controverted fact must be resolved in his favor, and the strongest inferences reasonably deducible from the most favorable evidence should be indulged in his favor." 53 Am. Jur., p. 281, §349. "A nonsuit or a directed verdict may be granted 'only when, *disregarding conflicting evidence and giving to plaintiff's evidence all the value to which it is legally entitled, herein indulging in every legitimate inference which may be drawn from that evidence*, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of the plaintiff if such a verdict were given.'" *In re Estate of Flood*, 217 Cal. 763, 21 P. (2d) 579. A motion for a directed verdict "is in the nature of a demurrer to the evidence, and is governed by practically the same rules, and concedes as true the evidence on behalf of the adverse party, with all fair and reasonable inferences to be deduced therefrom." *Hunt v. United Bank & Trust Co.*, 210 Cal. 108, 291 Pac. 184.

We have said that it is the duty of the court to direct a verdict in a case wherein if a verdict had been rendered otherwise it must have been set aside as against the testimony (*Livesay v. First National Bank*, 36 Colo. 526, 86 Pac. 102), and that, "Where the evidence is such that a verdict for the plaintiff ought to be set aside, the court should direct a verdict for the defendant." *Miller v. Farmers Bank & Trust Co.*, 82 Colo. 373, 260 Pac. 112. However, the latter statement should be restricted by the facts of the case and neither must be construed as holding that the same test applies in directing a verdict

as in setting one aside. The distinction was laid down by Lurton, J., in the leading case of *Mt. Adams & E. P. Inclined Ry. Co. v. Lowery,* 74 Fed. 463, wherein, after review of the authorities, he said: "It seems to us to follow, from both reason and authority, that there is a difference between the legal discretion of the court to set aside a verdict as against the weight of evidence, and that obligation which the court has to withdraw a case from the jury, or direct a verdict, for insufficiency of evidence. In the latter case it must be so insufficient in fact as to be insufficient in law; in the former case it is merely insufficient in fact, and it may be either insufficient in law, or may have more weight, and not enough to justify the court, in exercising the control which the law gives it to prevent unjust verdicts, to allow a verdict to stand. * * * We do not think, therefore, that it is a proper test of whether the court should direct a verdict, that the court, on weighing the evidence, would, upon motion, grant a new trial. A judge might, under some circumstances, grant one new trial and refuse a second, or grant a second and refuse a third. In passing upon such motions he is necessarily required to weigh the evidence, that he may determine whether the verdict was one which might reasonably have been reached. But, in passing upon a motion to direct a verdict, his functions are altogether different. In the latter case we think he cannot properly undertake to weigh the evidence. His duty is to take that view of the evidence most favorable to the party against whom it is moved to direct a verdict, and from that evidence, and the inferences reasonably and justifiably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the party having the onus."

In the often cited case of *McDonald v. Metropolitan St. Ry. Co.,* 167 N. Y. 66, 60 N.E. 282, the court said:

"The rule that a verdict may be directed whenever the proof is such that a decision to the contrary might be set aside as against the weight of evidence would be both

uncertain and delusive. There is no standard by which to determine when a verdict may be thus set aside. It depends upon the discretion of the court. The result of setting aside a verdict and the result of directing one are widely different and should not be controlled by the same conditions or circumstances. In one case there is a re-trial. In the other the judgment is final. One rests in discretion; the other upon legal right. One involves a mere matter of remedy or procedure. The other determines substantive and substantial rights. Such a rule would have no just principle upon which to rest.

\* \* \*

"The credibility of witnesses, the effect and weight of conflicting and contradictory testimony, are all questions of fact and not questions of law. If a court of review having power to examine the facts is dissatisfied with a verdict because against the weight or preponderance of evidence, it may be set aside, but a new trial must be granted before another jury so that the issue of fact may be ultimately determined by the tribunal to which those questions are confided. If there is no evidence to sustain an opposite verdict, a trial court is justified in directing one, not because it would have authority to set aside an opposite one, but because there was an actual defect of proof, and, hence, as a matter of law, the party was not entitled to recover. (*Colt v. Sixth Ave. R. R. Co.*, 39 N. Y. 671; *Bagley v. Bowe*, 105 N. Y. 171, 179.)" The rule is restated in *Adams v. United States*, 116 F. (2d) 199, in *Estate of Casper*, 172 Cal. 147, 155 Pac. 631, and *Blum v. Fresh Grown Preserve Corp.*, 292 N. Y. 241, 54 N.E. (2d) 809.

As a court, we may not weigh the evidence nor speculate as to what would have been our verdict if sitting as jurors. We may only consider whether the evidence adduced to support plaintiff's claim, including every legitimate inference which may be drawn from it and disregarding all conflicting evidence, is sufficiently material and substantial to justify a finding of negli-

gence. So considered, we think plaintiff's evidence satisfies that requirement; therefore it was error for the court to direct a verdict for the defendants.

The judgment is reversed.