## No. 16,672.

SINGER *v.* CHITWOOD, DOING BUSINESS AS CHITWOOD & CO.

(247 P. [2d] 905)

Decided August 4, 1952.   Rehearing denied August 25, 1952.

Mr. MORRIS RIFKIN, for plaintiff in error.

Messrs. BERMAN, LILLY & FRIEDRICHS, Mr. IRVING L. GREENWALD, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the court.

WE shall refer to the parties to this action either by name or as they appeared in the trial court, where defendant in error was plaintiff and plaintiff in error was defendant.

Plaintiff, a licensed business chance broker, alleged in his complaint that on June 23, 1949 he and defendant entered into an exclusive net listing contract to sell, and an option to purchase, defendant's liquor store for $19,000, which written contract was to continue for thirty days from date, and subsequent to that time, until the expiration of fifteen days after written notice by defendant that the contract was terminated. The contract contained a provision for a ten per cent commission to be paid plaintiff on the gross sale price of said property, if during the life of the contract a sale thereof was effected by plaintiff, defendant, or any other person. Plaintiff further alleged that no written notice of termination of the contract was given following the expiration of the thirty-day period, and that on November 7, 1949 defendant sold said liquor store to Timothy Ahern and Margaret Ahern for $19,000. Plaintiff demanded judgment for $1,900.

Defendant's answer contained a general denial, a separate defense that the contract sued upon was without consideration; that plaintiff did nothing to perform said contract; that by mutual consent, after the expiration of the thirty-day period, the contract was terminated; that the sale of November 7, 1949 was consummated by another broker who produced said purchasers, and to whom defendant had paid a commission for making the sale.

The contract in question was signed by defendant and witnessed by Tom R. Wheeler and Ben Bohm, agents of plaintiff, who procured its execution.

Upon the trial it appeared that plaintiff had inserted notices in the classified section of Denver papers advertising defendant's liquor store, without specifically designating the location thereof. Evidence that the sales price,

when the property was sold to the Aherns, was $16,500, was undisputed. Trial was to a jury. Upon completion of the evidence, plaintiff moved for a directed verdict in his favor, which motion was denied. The verdict returned by the jury was in favor of the defendant, and upon its receipt plaintiff's counsel asked for twenty days within which to file a motion for new trial. This request was granted, and within the allotted time counsel for plaintiff filed a "motion for directed verdict or for a new trial." The trial court on February 23, 1951 ordered "that a directed verdict be and the same is hereby entered herein in favor of the plaintiff and against the defendant Samuel D. Singer in the amount of $1,650," together with interest and costs. To have this judgment reviewed, defendant brings the cause here, specifying as error the action of the trial court in setting aside the jury verdict and entering judgment for plaintiff.

That plaintiff advertised the defendant's store for sale after the agency was created is not in dispute. Defendant strenuously insisted that after the thirty-day period expired the contract of agency was, by mutual consent, abandoned; that he verbally informed plaintiff's representative that "they were through with the listing and that he would try to sell the place" himself. He testified on the trial that plaintiff brought no prospects to his store, and abandoned his efforts to sell after this verbal notification. In relating a conversation with plaintiff's witness Wheeler, after the sale to the Aherns was completed and suit was threatened, defendant in his testimony quoted Wheeler as saying "we feel that you are still bound under the contract and we want the commission." Defendant contended he made the following reply: "How can I be bound on the contract when the contract has expired under the agreement we had?" To which inquiry plaintiff said Wheeler answered: "Well, as far as I am concerned, that's right, but this is something the boss insists upon."

At other places in the record we find the following

testimony by defendant: "They [referring to plaintiff] were out of the picture"; and again, we find this evidence on the part of defendant: "Q. Why didn't you call Chitwood and Company and tell them that you would sell for less than $19,000.00? A. Well, they were no longer representing me. They didn't seem interested enough even during the entire 30 days to so much as come up and pay a social call or even to talk to me about it. At the end of 30 days I figured I had just wasted 30 days. Q. Did you so inform them? A. That's right. Q. Whom did you inform? A. Mr. Wheeler. Q. Did Mr. Wheeler or Mr. Bohn ever introduce you to Jack H. Chitwood? A. No, never. Q. Did you ever contact Jack H. Chitwood as far as you know, Mr. Singer? A. As far as I know, no."

Wheeler and Bohn were the only representatives of plaintiff with whom defendant dealt at any time and plaintiff's only witnesses. They solicited the contract and at all times acted in behalf of plaintiff. When suit was threatened, defendant contacted Wheeler and on the trial he testified regarding the conversation with him as above recited. Mr. Chitwood was not called as a witness.

Plaintiff's motion for a directed verdict was based on the contention that there was no evidence that plaintiff had assented or agreed to any termination of the contract of agency.

A careful study of the entire record convinces us that there was evidence on behalf of defendant sufficient to warrant a submission of the case to the jury under proper instructions concerning its evaluation by that body. In a case of this nature the witnesses are few in number. In the instant proceeding defendant sought to elicit from the witnesses Wheeler and Bohn, certain facts and admissions concerning which defendant testified; defendant's counsel had considerable difficulty in getting direct answers to these questions, and in a number of instances the record shows that the witness did not answer at all. The record is replete with objections made

by counsel for plaintiff and defendant, and some of these objections interrupted answers by witnesses and prevented the witness being examined from fully answering the question propounded. Considering the record as made we are convinced that the trial judge was correct in his ruling, when he determined that the motion for a directed verdict in favor of plaintiff should be overruled. The trial court erred in granting the last motion for a directed verdict and entering judgment for plaintiff.

In *Gossard v. Watson,* 122 Colo. 271, 221 P. (2d) 353, we quoted at length from the leading case of *Mt. Adams & E. P. Inclined Ry. Co. v. Lowery* (6 Cir.), 74 Fed. 463, 476, where the authorities are reviewed and Judge Lurton said: "It seems to us to follow, from both reason and authority, that there is a difference between the legal discretion of the court to set aside a verdict as against the weight of evidence, and that obligation which the court has to withdraw a case from the jury, or direct a verdict, for insufficiency of evidence. In the latter case it must be so insufficient in fact as to be insufficient in law; in the former case it is merely insufficient in fact, and it may be either insufficient in law, or may have more weight, and not enough to justify the court, in exercising the control which the law gives it to prevent unjust verdicts, to allow a verdict to stand. * * * We do not think, therefore, that it is a proper test of whether the court should direct a verdict, that the court, on weighing the evidence, would, upon motion, grant a new trial. A judge might, under some circumstances, grant one new trial and refuse a second, or grant a second and refuse a third. In passing upon such motions, he is necessarily required to weigh the evidence, that he may determine whether the verdict was one which might reasonably have been reached. But, in passing upon a motion to direct a verdict, his functions are altogether different. In the latter case we think he cannot properly undertake to weigh the evidence. His duty is to take that view of the evidence most favorable to the

party against whom it is moved to direct a verdict, and from that evidence, and the inferences reasonably and justifiably to be drawn therefrom, determine whether or not, under the law, a verdict might be found for the party having the onus."

■ The result of setting aside a verdict, and the event of directing one, are entirely different and are not controlled by the same conditions or circumstances. The matter of a retrial of the issue rests, within limitations, in the discretion of the trial court. The matter of a directed verdict rests upon legal right.

■ The applicable rule governing the direction of a verdict is identical with the rule controlling a motion for a nonsuit (prior to the adoption of our rules of civil procedure). In *Frank Meline Co. v. Kleinberger*, 77 Cal. App. 193, 246 Pac. 136, the court said: "The question of the amount of weight that should be attached to the evidence of the oral declarations of respondent is immaterial. A motion for nonsuit presents for determination a question of law, and, if there is any substantial evidence which, with the aid of legitimate inferences favorable to plaintiff, tends to establish the averments of the complaint, the motion for nonsuit should be denied."

Our rule 50 R.C.P. Colorado is substantially the same as rule 50 of the federal rules. The situation presented in the instant case was considered in *Pruitt v. Hardware Dealers Mut. Fire Ins. Co.* (Fifth Cir.) 112 F. (2d) 140, where this significant language appears: "It follows that the judgment for the defendant notwithstanding the verdict ought not to have been entered and must be reversed. Appellants thereupon contend that we should order a judgment entered on the verdict, as was done in Duncan v. Montgomery Ward & Co. 8 Cir., 108 F. 2d 848, 853. That, we think, would be a misapplication of Rule of Civil Procedure 50 (b). The rule provides for a motion within ten days after verdict to set the verdict aside and for judgment on a motion for directed verdict made in

the trial, and adds: 'A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative.' An alternative motion for new trial was made in this case.· If the judge had refused the judgment on directed verdict for defendant primarily asked, as we have held he should have done, he should then have considered the motion for new trial. According to all the federal cases he has discretion to grant a new trial before another jury if he thinks the verdict is wrong, though there be some evidence to support it, and his action is generally not subject to review on appeal. In this case a new trial might be granted either because the judge thought the jury went wrong in not finding that the fall of the building preceded the fire in the merchandise, or because he thought the amount of the fire loss found was not justified. When we reverse the grant of judgment as on a directed verdict, the cause should be remitted to the district judge that he may pass on the motion for new trial. Cases may occur in which the trial judge may think his charge, or rulings on evidence, or other occurrences in the trial require a new trial. Rule 50 ought not to be so construed as to cut off his supervisory power over the verdict because he erred in giving judgment notwithstanding the verdict. To grant a new trial decides no one's rights finally, but only submits them to another jury, with an opportunity to each party to bring forward better evidence if he can, and with opportunity to the judge to correct his own errors if any. New trials are not abridged or disfavored by the new rules. The judge may even grant one on his own initiative without a motion. Rule 59(d)."

See, also, *H. H. Wallower, Jr. v. Dave Elder, doing business as The Colorado Machiney and Supply Company,* 126 Colo. 109, 247 P. (2d) 682, decided July 14, 1952.

Such being our holding, we do not deem it necessary to consider the cross specifications of error filed by defendant in error.

The judgment in favor of defendant in error is

reversed, and the cause remanded with instructions to the district judge to pass upon the motion for a new trial.