No. 18,898.

JOHN PANION *v.* GEORGE J. CRICHTON, ET AL.

(355 P. [2d] 938)

Decided September 26, 1960.  Rehearing denied October 24, 1960.

Messrs. PORTER, KLINGSMITH & STUDHOLME, for plaintiff in error.

Messrs. DUTCHER & BRATTON, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE HALL.

THE parties appear here in the same order as in the

trial court. We refer to them as plaintiff and defendants.

Plaintiff sought to recover from defendants for personal injuries and for damages to his automobile, alleged to have been caused by the negligence of the defendants.

Defendants by answer denied negligence on their part; alleged that the plaintiff was guilty of negligence which contributed to his injuries and property loss; and set up as a defense that the collision resulted from an unavoidable accident.

Defendants interposed a counterclaim for damages to their automobile. To this counterclaim plaintiff filed a reply, consisting of a denial and a further plea that defendants had a last clear chance to avoid the collision.

Trial to a jury resulted in verdicts denying relief to either party. Plaintiff is here by writ of error seeking reversal. He alleges as reasons therefor:

1. From the record it conclusively appears that the defendants were guilty of negligence as a matter of law, and that as a matter of law the plaintiff was not negligent, therefore the court should have directed a verdict in favor of plaintiff on the question of liability and submitted to the jury only the question of the amount to be awarded plaintiff.

2. Error in admitting in evidence defendants' Exhibits 3 and 4.

3. Error in the giving of Instructions 8 and 9 and refusal to give tendered Instructions A and B.

From the record it appears that at about 2:30 P.M., on January 4, 1957, at a point about one-fourth mile south of Crested Butte on State Highway No. 135, the defendants' automobile struck the rear end of plaintiff's automobile, resulting in the injuries and damages for which the plaintiff seeks to recover.

From the evidence it appears that the plaintiff's automobile was stopped, or nearly stopped, at the time of the collision and on the left side of the road, and that

the left front end of defendants' automobile struck the right rear portion of plaintiff's.

Plaintiff's automobile had passed defendants prior to the collision. Prior to reaching the place of the collision plaintiff and defendants had been driving through what each called "a snow storm" which limited visibility, causing plaintiff to slow down to about ten miles per hour and the defendants to slow to a speed of about twenty to twenty-five miles per hour.

Both drivers testified that suddenly and without warning a sudden gust of wind, or a ground blizzard of snow, blew across the road, which reduced visibility to zero; this condition both refer to as the "blizzard." On the happening of this event plaintiff, being unable to see the road, veered to the left and his left fenders were scraping the snow banks piled along the left side of the road, whereupon he came to a gradual stop or near stop when he was hit.

Defendants were driving about twenty to twenty-five miles per hour, prior to reaching the "blizzard" where plaintiff had stopped, with visibility of thirty to forty feet. Suddenly and without warning they met the same blizzard which reduced visibility to zero and which had caused plaintiff to stop. Immediately on reaching this blizzard area, defendant George J. Crichton, who was driving, applied his brakes and ran into the right rear portion of plaintiff's automobile.

The defendant driver, testifying in his own behalf, made the following statements:

"A. Well, when we first drove in it [the blizzard] you could see the snow bank on the right hand side. You couldn't on the left hand side, but you could on the right hand side, and then just a few seconds after that you couldn't see anything except a few feet in front of you. Q. And how long was that before the accident or the actual impact? A. Well, it *wasn't more* than thirty seconds to a minute, at the most." (Emphasis supplied.)

Plaintiff's counsel argue that the above is an admis-

sion by defendant driver that he drove *at least thirty seconds* at twenty to twenty-five miles per hour into the blizzard and by mathematical calculation arrive at the conclusion that he drove over eight hundred feet with no visibility and therefore he was guilty of negligence as a matter of law, and the motion for a directed verdict should have been granted. We do not agree with this reasoning or conclusion.

It will be observed that defendant made no such admission as plaintiff contends. As a matter of fact this statement places a maximum time, but fixes no minimum time during which he drove in the blizzard. Other testimony of the defendant driver is to the effect that it was not as long as thirty seconds, the distance was not as much as eight hundred feet, and "it was almost immediately after we hit the blizzard that we hit Mr. Panion." "Well, we had just entered the blizzard when we hit Mr. Panion's car." Testimony of the defendant Allene R. Crichton was very definite and consistent to the effect that her husband put on his brakes immediately on hitting the blizzard.

The following language of this court, found in *Parker v. Denver,* 128 Colo. 355, 262 P. (2d) 553, is applicable and sanctions the action of the trial judge in denying the motion for a directed verdict:

" * * * it is well-settled law in this jurisdiction that a party making a motion for a directed verdict admits the truth of the adversary's evidence and every favorable inference of fact which may be legitimately drawn therefrom. * * *."

We find that error was committed by the trial court in admitting in evidence Exhibit 3, being a report of a doctor who had examined plaintiff in 1949, following a mine accident in which plaintiff was injured, and Exhibit 4, being a report of a doctor who examined plaintiff some five and one-half months after the collision which is the basis of this case.

Neither reporting doctor appeared as a witness.

Defendants contend that the parties had stipulated that these reports be admitted as evidenced by the following language contained in a pre-trial order entered by the court on July 2, 1958:

"Counsel for respective parties are to give to opposing counsel the medical report of any doctor which he expects to use in evidence. If counsel for plaintiff has a medical report of a doctor he expects to use, or a partner of the doctor he expects to use, covering the physical condition which is covered by the doctor's report in the main, then such previous report shall also be exhibited to counsel for defendants.

"If any doctor testifying in any manner or way relies upon a report of the physical condition of the plaintiff involved herein in making his finding and submitting his report, the report relied upon shall be available to opposing counsel at the time of the trial."

The reports involved were received and read by plaintiff's medical witness, who used the same in formulating his opinion as to the nature and extent of plaintiff's injuries. These reports, defendants' Exhibits 3 and 4, were admitted in evidence over the objection of counsel for plaintiff.

The pre-trial order did not direct, nor did the parties stipulate, that any such documents would be entitled to admission in evidence, but only that they would be made available to opposing counsel at the time of the trial.

The purpose for which the reports were made available by pre-trial order does not appear, but presumably it would be for the purpose of aiding in the cross-examination of medical witnesses.

In the absence of a stipulation of the parties the exhibits in question were hearsay and inadmissible for any purpose. *Young v. McLaughlin,* 126 Colo. 188, 247 P. (2d) 813.

However, in view of the jury's verdict finding defendants not liable, this error is harmless.

In *Rooks v. Bruce*, 213 N.C. 58, 195 S.E. 26, the court said:

"The first group of assignments of error are to the rulings upon the evidence which relate to the measure of damages. If such rulings were erroneous, they were rendered harmless by the answer to the first issue [no liability]. * * *."

In *Houston v. Town of Waverly*, 225 Ala. 98, 142 So. 80, plaintiff sought to recover for injuries received from a fall on a depression in a sidewalk. There the court said:

"The verdict of the jury being for the defendants, assignments of error based on rulings in the admission or rejection of evidence going to show the extent of the injury, or other elements of damages suffered by the plaintiff, cannot avail to reverse the judgment. If errors intervened here, they would be without injury."

We have examined the instructions given, including 8 and 9, to which plaintiff objected, and find that they, when considered together, properly state the law applicable to the factual situation presented by the record. Tendered Instructions A and B add nothing to the instructions given and were properly rejected.

The judgment is affirmed.

MR. JUSTICE MOORE and MR. JUSTICE DAY concur.