No. 13472

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

IN THE MATTER OF DECLARING
DAWN ALISA, SANDRA LEA and
LILLIAN MARIE SWAN, YOUTHS IN NEED OF CARE

---

Appeal from:  District Court of the Eighth Judicial District,
Honorable R. J. Nelson, Judge presiding.

Counsel of Record:

For Appellant:

E. F. Gianotti argued, Great Falls, Montana

For Respondent:

J. Fred Bourdeau, County Attorney, Great Falls, Montana
Randy Gray argued, Great Falls, Montana
Thomas Mahan argued, Helena, Montana

---

Submitted:  April 27, 1977
Decided:  **MAY 18 1977**

Filed:  **MAY 18 1977**

_____
Thomas J. Kearney          Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the district court, Cascade County, awarding permanent custody of appellant's three minor children to the Montana Department of Social and Rehabilitation Services (SRS) as youths in need of care.

Appellant, Henrietta Swan, is the natural mother of Dawn Alisa, Sandra Lea, and Lillian Marie Swan. Henrietta Swan has a long history of inability to care for her children, partially caused by emotional problems and severe alcoholism.

On February 26, 1976, SRS filed a petition for permanent custody and authority to assent to the adoption of the children. A hearing on this petition was held on May 10. Testimony was heard from two SRS employees, Mary Morris and Mildred Lucero, who were acquainted with Henrietta Swan and her children. Much of this testimony was hearsay evidence which was admitted into evidence over defense counsel's objection. Henrietta Swan was not called to testify at this hearing.

The record indicates certain written reports prepared by SRS and other state agencies were considered by the court in its decision. These reports concerned Henrietta Swan's ability to care for her children, an analysis of the children's adjustment to their foster home, and police reports. Although these reports were available at the time of the hearing, they were not offered as evidence by SRS. Subsequent to the hearing, a medical report prepared by Dr. Hamilton Pierce was filed with the court. It appears this report was also considered by the court.

The district court entered an order on June 1, awarding permanent custody of the children to SRS as youths in need of care.

The sole issue presented upon appeal is whether hearsay evidence is admissible in a custody hearing.

The petition for permanent custody was brought by SRS pursuant to sections 10-1300 through 1322, R.C.M. 1947. Section 10-1310(3) states:

> "A petition alleging abuse, neglect or dependency, is a civil action brought in the name of the state of Montana. The Rules of Civil Procedure shall apply except as herein modified. Proceedings under a petition shall not be a bar to criminal prosecution."

The instant case is a civil action and therefore all Montana Rules of Civil Procedure are applicable, including the hearsay rule. The hearsay rule appears in section 93-401-2, R.C.M. 1947, and states:

> "Testimony confined to personal knowledge. A witness can testify to those facts only which he knows of his own knowledge; that is, which are derived from his own perceptions, except in those few express cases in which his opinions or inferences, or the declarations of others, are admissible."

This Court recently defined hearsay in State v. Newman, 162 Mont. 450, 457, 513 P.2d 258:

> "'Hearsay' is testimony or evidence of someone's words or conduct outside the court, when offered in court to prove the truth of the thing being asserted, and thus resting for its value upon the credibility of the out-of-court asserter."

Appellant is correct in her contention the record is replete with oral and written hearsay evidence, admitted over proper objection. Blatant examples of hearsay, such as the following exchange, are found throughout the testimony of Mary Morris and Mildred Lucero:

- 3 -

"Q. Do you recall any time when the visitation was arranged and Mrs. Swan did not spend that visitation time with the children? A. Not by my direct observation. The children would say, you know, 'we went with so and so,' but not from my direct observation.

"Q. Did you talk to the children, then, following these visitations? A. Yes.

"Q. And what did they tell you?

"MR. GIANOTTI: Objection, hearsay.

"THE COURT: Overruled.

"THE WITNESS: The children would say they were with Tiny, meaning an aunt, or they were with Ronnie, or they were with Mrs. Lahr and her children, you know. Situations vary."

In addition, the reports which were submitted to the court by SRS and Dr. Pierce contained written hearsay that did not fall under any of the recognized exceptions to the hearsay rule.

The underlying purpose of sections 10-1300 et seq., is to ascertain the best interests of the children subject to the proceedings and act in accordance with those findings. Bonser v. County of Cascade, 162 Mont. 1, 507 P.2d 1064; In re Bad Yellow Hair, 162 Mont. 107, 509 P.2d 9; In re Olson, 164 Mont. 431, 524 P.2d 779. In keeping with that purpose however, the Rules of Civil Procedure, including the hearsay rule, must be strictly followed. See Sanchez v. Sanchez, 55 C.2d 118, 358 P.2d 533. Any relaxing of these procedural rules could create a custody procedure ripe for abuse.

As to written hearsay contained in the reports submitted to the court, this jurisdiction has long followed the rule that unsworn statements made out of court with no opportunity afforded to confront the writer and question him as to their veracity are hearsay. State v. Nelson, _____Mont._____, 560 P.2d 897, 34 St. Rep. 80; Pessl v. Bridger Bowl, 164 Mont. 389, 524 P.2d 1101.

SRS argues the reports in question are admissible under a statutory exception to the hearsay rule, section 93-901-1, R.C.M. 1947. That statute provides:

> "Written reports or findings of fact made by officers of this state, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant, be admitted as evidence of the matter stated therein."

We find no merit in this contention.

The reports submitted to the court by Mrs. Morris, the SRS social worker, contain a conglomeration of material prepared by her, a food stamp eligibility technician, a Great Falls police officer, and the foster mother of the Swan children. The reports are inadmissible as they contain material that is hearsay upon hearsay. State v. Nelson, supra.

Many of the reports submitted were not business records as contemplated by section 93-801-2, R.C.M. 1947. Neither were they admissible under section 93-901-1, the Uniform Official Reports as Evidence Act. Richardson v. Farmers Union Oil Co., 131 Mont. 535, 312 P.2d 134. Unsworn reports where there is no right to cross-examine come within the hearsay rule and are inadmissible. Shillingstad v. Nelson, 141 Mont. 412, 378 P.2d 393. The admission of the reports over objection was error.

The decision of the district court is reversed. This cause is remanded to that court for further consideration in conformity with this opinion.

_____
Justice.

- 5 -

We Concur:

_____
Chief Justice

_____

_____

_____
Justices.