Robert J. SALSTROM and Robert C. Gruenwald, Plaintiffs-Appellees,

v.

William STARKE, Defendant-Appellant.

No. 81CA0104.

Colorado Court of Appeals, Div. III.

Sept. 8, 1983.

Joseph P. Jenkins, Estes Park, for plaintiffs-appellees.

Dean, Martin, Mitchell & Schwartz, Daniel W. Dean, Fort Collins, for defendant-appellant.

TURSI, Judge.

Defendant, William Starke, appeals the trial court's granting of directed verdicts of dismissal on his counterclaims for abuse of process and slander of title. We reverse and remand for new trial.

The controversy arose out of Starke's efforts to sell a hotel and two businesses operating in it. Salstrom and Gruenwald were among several individuals who expressed an interest in the hotel and businesses during the period from January to March 1978.

After considerable negotiations, Salstrom gave Starke two unsigned documents which bore the title "Agreement for Sale." There is evidence that the purchase price figure was $200,000 lower than the figures previously discussed by Starke and Salstrom. The following day Starke entered into an agreement with a third party to sell one of the businesses and a half-interest in the real estate. Gruenwald promptly informed Salstrom of this development, and an action for specific performance or damages was filed by Salstrom on behalf of himself and Gruenwald. Salstrom then prepared and

filed a notice of lis pendens against the hotel. Thereafter, the third party received notice of the lis pendens, and did not appear for closing. Starke filed an answer containing a general denial and counterclaimed for abuse of process and slander of title.

After considerable delay in the prosecution of plaintiffs' claims, the trial court granted a summary judgment dismissing Salstrom's claim for specific performance. The dismissal was appealed to this court and affirmed in an unpublished opinion. Prior to commencement of the jury trial here, the court granted Starke's motion for release of the lis pendens. On Salstrom and Gruenwald's motion, the separate claim for damages was dismissed, and trial was held solely on the issues raised in Starke's counterclaim. At the close of Starke's evidence, the court granted Salstrom and Gruenwald's motion for directed verdicts.

## I

■ A motion for directed verdict in a jury trial admits the truth of the adversary's evidence and of every favorable inference of fact which may legitimately be drawn from it. *Panion v. Crichton,* 144 Colo. 170, 355 P.2d 938 (1960). Such a motion should not be granted unless the evidence, considered under this standard, compels the conclusion that reasonable jurors could not disagree and that no evidence or inference has been received at trial upon which a verdict against the movant could be sustained. *Nettrour v. J.C. Penney Co.,* 146 Colo. 150, 360 P.2d 964 (1961).

■ To withstand a motion for directed verdict on a claim of abuse of process, Starke was required to produce evidence from which the jury might reasonably infer (1) that Salstrom and Gruenwald had an ulterior purpose in the use of the lis pendens notice, (2) that they acted wilfully in a manner not proper in the regular conduct of a proceeding, and (3) that plaintiff suffered damages as a result of those actions. *Aztec Sound Corp. v. Western States Leasing Co.,* 32 Colo.App. 248, 510 P.2d 897 (1973); *see W. Prosser, Torts* § 121 (4th ed.).

■ The filing of a notice of lis pendens is proper if claimant shows that the underlying action relates to a right to possession, use, or enjoyment of real property. *See Clopine v. Kemper,* 140 Colo. 360, 344 P.2d 451 (1959); C.R.C.P. 105(f). From the evidence introduced by Starke, the jury could find that no contract existed binding Starke to sell any part of his realty or his businesses to either Salstrom or Gruenwald, and that Salstrom and Gruenwald knew there was no valid contract for purchase of the property. Without a contract, Salstrom and Gruenwald had no interest to protect by filing the lis pendens notice. Also, the jury could infer from the evidence that the purpose to be served by filing such notice was to prevent a sale to any other party, and to coerce Starke to consider Salstrom's previous offers. The sale did not take place, and there was evidence that this was because of the purchaser's knowledge of the lis pendens. Starke testified to the monetary damages he incurred as a result. Thus, there was evidentiary support for each of the elements of the abuse of process claim.

■ The court may not presume to weigh the evidence presented. *Singer v. Chitwood,* 126 Colo. 173, 247 P.2d 905 (1952); *Gossard v. Watson,* 122 Colo. 271, 221 P.2d 353 (1950). Where, as here, a prima facie case is made, it is for the jury, not the court, to resolve the conflict. *Romero v. Denver & Rio Grande Western Ry. Co.,* 183 Colo. 32, 514 P.2d 626 (1973). Consequently, the trial court erred in directing a verdict for plaintiffs on the abuse of process counterclaim.

## II

■ Turning to the court's action regarding the counterclaim for slander of title, we conclude that the court again erred in weighing the evidence and dismissing the claim. To maintain the slander of title claim, Starke had to introduce some evidence of (1) slanderous words, (2) falsity, (3) malice, and (4) special damages. *McNichols v. Conejos-K Corp.,* 29 Colo.App. 205, 482

P.2d 432 (1971). When the evidence is viewed in the light most favorable to Starke, *Gossard v. Watson, supra,* the jury could reasonably have found that Salstrom falsely asserted an interest in the hotel, and that the lis pendens was improperly filed to coerce Starke to accept the rejected terms of Salstrom's offers, as well as to prevent closing on Starke's agreement with the third party. Starke testified that he incurred additional costs and expenses as a direct result of his inability to close the deal with that third party. Thus, evidence of slander of title was not so clearly lacking as to permit the court to invade the province of the jury. *See Sussex Real Estate Corp. v. Sbrocca,* 634 P.2d 999 (Colo.App.1981).

### III

■ We reject Starke's final claim that the court, upon dismissal of all claims and counterclaims, erred by ordering each party to bear his own costs. In the first instance, in light of our order remanding the counterclaims for trial, the argument is premature. Nonetheless, where there are several counts in any declaration, and any of them are adjudged insufficient, or a verdict on any issue joined thereon is found for the defendant, costs shall be awarded in the court's discretion. Section 13–16–109, C.R. S.1973.

### IV

Starke's remaining contentions are without merit.

The judgment is reversed and the cause is remanded with directions to reinstate defendant's counterclaims for abuse of process and slander of title and grant defendant a new trial thereon.

BERMAN and KELLY, JJ., concur.