**Harley DUNLAP and Mary Ann Dunlap, Plaintiffs–Appellants,**

v.

**David M. LONG, Defendant–Appellee.**

### No. 93CA0867.

Colorado Court of Appeals,
Div. 1.

Jan. 19, 1995.

Rehearing Denied March 2, 1995.

Certiorari Denied Sept. 5, 1995.

Eugene Deikman, P.C., Eugene Deikman, Denver, for plaintiff-appellant.

Pryor, Carney & Johnson, P.C., Elizabeth C. Moran, Englewood, for defendant-appellee.

Opinion by Judge CRISWELL.

In this medical malpractice action against defendant, David M. Long, plaintiffs, Harley and Mary Ann Dunlap, appeal from the judgment entered on jury verdicts, dismissing their claims and assessing costs against them. Because we conclude that the alleged errors committed by the trial court, which relate to the issue of defendant's liability, were rendered harmless by the jury's verdicts determining that plaintiffs had suffered no injuries or damages, we affirm the judgment, but we reverse, in part, the court's award of costs and remand for further proceedings.

## I.

Plaintiffs' claims were based upon the penetration of Harley Dunlap's heart wall by a central venous catheter during surgery designed to treat an esophageal cancer. Defendant asserted that the heart wall penetration was not the result of any negligence

on his part and that, in any event, the damages which were allegedly sustained were the result of Dunlap's medical condition and not the consequence of the penetration of the heart wall.

Without objection, the jurors were informed of defendant's dual defenses. In addition, they were instructed that, in order to recover against defendant, plaintiffs were required to prove that:

—Harley Dunlap incurred injuries and damages;

—Defendant was negligent; and

—Defendant's negligence was the cause of at least a portion of plaintiff's injuries and damages.

Hence, the jurors were told that they were required to answer three questions, as follows:

1. Did the Plaintiff, Harley Dunlap, incur injuries and damages?

2. Was the defendant, David M. Long, M.D., negligent?

3. Was the negligence, if any, of the Defendant, David M. Long, a cause of *any* of the injuries and damages claimed by the plaintiff? (emphasis supplied)

Finally, they were instructed to use Special Verdict Form B to return their verdict if they found:

that the Plaintiff Harley Dunlap, did not incur injuries or damages, *or* if [they found] that the defendant was not negligent, *or* [if they found] that no negligence was a cause of *any* of Plaintiff's claimed injuries or damages.... (emphasis supplied)

Consistent with these instructions, the jurors returned their verdicts on Special Verdict Form B in which they determined that Harley Dunlap had suffered no injuries or damages, that defendant was not negligent, and that defendant's negligence was not the cause of any of plaintiff's claimed injuries or damages.

In their appeal to this court, plaintiffs argue that the trial court erred in admitting and refusing to admit certain evidence and that it also committed instructional error in seven instances. All of these alleged eviden-

tiary and instructional errors, however, would have had an impact only upon the question of defendant's liability; none of them affected the question whether plaintiffs suffered any injuries or damages.

Consequently, after argument, we requested that the parties file supplemental briefs upon the question whether the jury's verdict that plaintiffs suffered no injury or damages renders moot plaintiffs' asserted errors relating to defendant's liability. After considering those briefs, we conclude that any error with respect to the admission of evidence or in instructing the jury, relied upon by plaintiffs, all of which could have affected only the jurors' consideration of defendant's liability, was rendered harmless by the determination that plaintiffs had suffered no injury or damage.

■ Several Colorado decisions stand for the proposition that a jury determination that a defendant is not liable renders harmless any error that might have occurred with respect to the issue of the plaintiff's alleged damages. *See, e.g., Panion v. Crichton,* 144 Colo. 170, 355 P.2d 938 (1960); *Gray v. Houlton,* 671 P.2d 443 (Colo.App.1983).

■ Likewise, a jury determination that a plaintiff has suffered no injury or damage renders harmless any error relating solely to the issue of liability. *See Martin v. Minnard,* 862 P.2d 1014 (Colo.App.1993).

This latter proposition has been approved and adopted by courts in other jurisdictions. *See, e.g., Wooley v. West,* 575 S.W.2d 659 (Tex.Civ.App.1978) (in medical malpractice action in which jury found that plaintiff suffered no damages, court need not consider claims of error relating to liability).

We conclude that such a result is warranted if, as here, it is clear that the fact finder determined the issue of injury or damage to the plaintiff separately from its determination of the defendant's negligence or of the causation issue.

■ Here, contrary to plaintiffs' assertion, the jurors were informed that they should consider whether plaintiffs suffered any injuries or damages as a question separate from the question of the extent to which defendant

was negligent or whether such negligence caused any of plaintiffs' claimed injuries or damages. Hence, the jury finding of no injury or damage cannot be interpreted under the instructions given to mean only that, because defendant was not negligent, plaintiffs suffered no damages resulting from his negligence. This latter issue being the subject of a separate interrogatory, the jury's finding of no injury or damage can only be interpreted to mean that the jurors accepted defendant's alternative defense that plaintiffs suffered no injury or damage as a result of the penetration of the heart wall, irrespective of the question whether such penetration resulted from defendant's negligence.

Further, because plaintiffs have failed timely to assert before us that this general finding of no injury was improper, we have no occasion to examine that question. *See Edwards v. Quackenbush,* 112 Colo. 337, 149 P.2d 809 (1944).

We conclude, therefore, that, because of the jurors' determination that plaintiffs suffered no damage, any error that they now claim occurred with respect to the admission of evidence or with respect to the instructions was harmless.

## II.

### A.

Plaintiffs also contend that the trial court erred in awarding costs to defendant without holding a hearing on the issue. With this contention, we agree.

Defendant made a pre-trial settlement offer, which plaintiffs rejected. After judgment was entered, defendants filed a bill of costs under § 13–16–105, C.R.S. (1987 Repl. Vol. 6A) and § 13–17–202, C.R.S. (1994 Cum. Supp.). Plaintiffs filed an objection to this bill, specifically challenging the reasonableness of defendant's expert witness fees and requesting a hearing thereon. The court awarded the claimed fees as costs without conducting a hearing.

C.R.C.P. 121 § 1–22 provides, in part, that: "Taxing and determination of costs shall be in accordance with ... Practice Standard § 1–15." C.R.C.P. 121 § 1–15(4) says: "If possible, motions shall be determined promptly upon the written motion and briefs submitted. However, the court may order oral argument or an evidentiary hearing ... at its discretion." Relying on this language, defendant argues that the trial court acted within its discretion in electing to forego a hearing.

Unlike docket, jury, and lay witness fees, the amounts of which are established by statute, the reasonableness of attorney and expert witness fees is not verifiable by reference to any statute or other fixed standard. Thus, a party who challenges the reasonableness of attorney fees is entitled to a hearing thereon. *Martin v. Principal Casualty Insurance Co.,* 835 P.2d 505 (Colo.App.1991), *rev'd on other grounds sub nom. Budget Rent–A–Car Corp. v. Martin,* 855 P.2d 1377 (Colo.1993).

We see no reason why a different rule should be applied to the taxing of expert fees. *See Van Schaack v. Van Schaack Holdings, Ltd.,* 856 P.2d 15 (Colo.App.1992), *aff'd,* 867 P.2d 892 (Colo.1994) (by failing to request a hearing on the reasonableness of expert fees, losing party waived right thereto). Hence, if the reasonableness of such fees is challenged, the challenging party is entitled to an evidentiary determination of the issue, if requested.

### B.

We have also considered plaintiffs' assertion that the court erred in awarding as costs the expense of lodging incurred by local counsel. The record, however, reflects that the court did not award any costs based upon such expenditures.

The judgment is affirmed, except that part which awards costs to defendant in the form of expert witness fees, which part is reversed, and the cause is remanded to the trial court for further proceedings consistent with the views expressed in this opinion.

METZGER and KAPELKE, JJ., concur.