STATE OF MONTANA ex rel. BIRDIE COWAN, Relatrix, v. DISTRICT COURT OF FIRST JUDICIAL DISTRICT of the State of Montana, IN AND FOR THE COUNTY OF LEWIS & CLARK, and the HON. LESTER H. LOBLE and the HON. VICTOR H. FALL, Judges Thereof, Respondents.

No. 9810.

312 Pac. (2d) 119.

Submitted May 13, 1957. Decided June 3, 1957.

Messrs Small & Herron, Helena, for relatrix.

Mr. John W. Mahan, Helena, for respondents.

District Judge Lester H. Loble, Helena, for respondents.

District Judge Victor H. Fall, per se.

Mr. Clayton R. Herron, Mr. Mahan, Judges Loble and Fall argued orally.

MR. CHIEF JUSTICE HARRISON:

This is an original proceeding. Relatrix filed herein petition for writ of prohibition, in which it was alleged that relatrix had appeared in the respondent district court, in response to an order to show cause issued upon a petition filed therein by Lee McGuire to have the minor child of relatrix declared a dependent and neglected child pursuant to the laws of this state; that at the hearing relatrix objected to the jurisdiction of the district court on the ground that the petition therein disclosed that the petitioner was not a resident of Lewis and Clark County, State

of Montana, and the further ground that no citation had been issued to and served upon the division of child welfare of the state department of public welfare as required by law. Relatrix further alleged that the respondent court nevertheless proceeded with the hearing and ruled and ordered orally that the custody of the minor child be delivered and awarded to Bill and Lee McGuire of Spokane, Washington, and that the child could be removed to Spokane, Washington, after 5:00 p.m. on May 2, 1957. Upon relatrix' petition, an alternative writ of prohibition was issued, *ex parte,* returnable on May 15, 1957.

On the return day, motion to quash was filed herein by the Honorable Lester H. Loble, one of the respondents, together with his answer, and an answer was filed herein by the Honorable Victor H. Fall.

The sole question in this original proceeding is whether or not the respondent court had jurisdiction to proceed with the hearing in this matter.

R.C.M. 1947, section 10-503, provides, in part: ''Any officer of the state bureau of child and animal protection, *or any person who is a resident of the county,*   *   *   *  may file with the clerk of the district court a petition in writing, setting forth the facts which constitute the child dependent or neglected, which petition shall be verified by an affidavit of the petitioner.'' Emphasis supplied.

R.C.M. 1947, section 10-504, provides for the issuance of a citation fixing the day and time of hearing of such petition, and for service thereof upon the parents or guardian, and further provides: ''*   *   *  provided, however, that in all cases, except where the proceeding is instituted or commenced by a representative of the division of child welfare service of the state department of public welfare, *a citation must be issued and served upon a representative* of the division of the child welfare service of the department of public welfare of the State of Montana   *   *   *.''

Under the law when a petition is filed by any person, other than an officer of the state bureau of child and animal

protection (now the state department of public welfare, R.C.M. 1947, section 10-505), the jurisdictional requisites are: (1) The petitioner must be a resident of the county wherein the petition is filed; (2) citation fixing day and time of hearing must be issued and served upon the parents or guardian; (3) citation must be issued and served upon a representative of the child welfare service of the department of public welfare.

Relatrix alleged that Lee McGuire's petition disclosed that she was not a resident of Lewis and Clark County wherein the petition was filed; the answer of respondent, the Honorable Victor H. Fall, admits this allegation but answers that at the conclusion of the hearing, counsel for the said Lee McGuire moved the court that the petition might be amended to conform to the proof, which motion was granted, and the proof introduced in the trial, without contradiction, disclosed that the said Lee McGuire and her husband, William McGuire, were temporarily living in Spokane, Washington, at which place the said William McGuire was undergoing an in-training course with the Phillips Petroleum Company and expected and planned to return to Lewis and Clark County, Montana, and that they had never intended to abandon the domicile and residence established and existing in Lewis and Clark County, Montana, prior to January 1, 1957.

Relatrix further alleged that on her appearance, pursuant to the order to show cause, she did then and there object to the jurisdiction of the court to entertain said action upon the ground that the petitioner, Lee McGuire, was not a resident of Lewis and Clark County, Montana, and the further ground that no citation had been issued to and served upon the division of child welfare of the state department of public welfare, as required by section 10-504, supra. These allegations are admitted by the respondent judge, the Honorable Victor H. Fall, in his answer, but he alleged that welfare officers testified at the hearing.

Admittedly then the petition of Lee McGuire set forth that she was not domiciled in Lewis and Clark County, Montana, and

brings us to the question whether the word "resident" requires "domicile" within the county to comply with the jurisdictional requisite.

In divorce actions we have held that "Where the statute refers only to residence and not to domicile, the courts have held with substantial uniformity that, for purposes of divorce jurisdiction, the word 'residence' will be construed to mean practically the same as 'domicile'." State ex rel. Duckworth v. District Court, 107 Mont. 97, 80 Pac. (2d) 367, 368.

In construing the provisions of R.C.M. 1947, section 91-701, providing where wills must be proved and letters testamentary or of administration granted, we interpreted the word "residence" as synonymous with "domicile." In re Smith's Estate, 126 Mont. 558, 255 Pac. (2d) 687.

In a cause involving the legality of a marriage, In re Takahashi's Estate, 113 Mont. 490, 129 Pac. (2d) 217, 221, we stated:

"The word 'resident' is generally understood as referring to a person in connection with the place where he lives. Webster's Dictionary defines the word as meaning 'one who resides in a place; one who dwells in a place for a period of more or less duration.' * * *

"In each such case the context in connection with which the word is used must be considered, and the word, together with the context, then gives the meaning sought to be conveyed. There is thereby no change made in the simple, clear meaning of the word itself."

Since the proceedings must be filed in the county wherein the child resides and the wording of section 10-503, supra, which reads, "or any person who is a resident of the county, having knowledge of a child in his county," clearly shows that the context of this statute plainly states that both the petitioner and the child are residents within the same county, we hold that the word "resident" must denote one actually domiciled within the county. This interpretation to our mind was that of the legislature when this law was enacted.

Upon objection being made to its jurisdiction the district

■ court's first duty was to determine whether it did in fact have jurisdiction. That the district court appreciated this situation is clearly shown by the oral order and comments made at the conclusion of the hearing on April 30, 1957, wherein the Honorable Victor H. Fall stated: ''In the first place, there is a very serious question of jurisdiction in this case. However, I think this has been protected in the record as far as appeal is concerned. I have assumed this Court has jurisdiction to proceed with this hearing, and I have ruled and hold that I do have jurisdiction to proceed.''

As heretofore stated our statute fixes the method of acquiring ■ jurisdiction and where a statute prescribes the mode of acquiring jurisdiction, that mode must be complied with or the proceedings are a nullity. Iveson v. Second Judicial Dist. Court, 66 Nev. 145, 206 Pac. (2d) 755.

It is essential to jurisdiction that there be some proper application ■ cation invoking the judicial power of the court in respect to the matters sought to be litigated. Young v. Rosenbaum, 39 Cal. 646; Tinn v. U. S. District Attorney, 148 Cal. 773, 84 Pac. 152, 113 Am. St. Rep. 354; Associated Oil Co. v. Mullin, 110 Cal. App. 385, 294 Pac. 421; Behrens v. Superior Court, 132 Cal. App. 704, 23 Pac. 428; Moran v. Superior Court, 35 Cal. App. (2d) 629, 96 Pac. (2d) 193.

''A universal principle as old as the law is that the proceedings ■ ings of a court without jurisdiction are a nullity and its judgment without effect either on the person or property. In other words, a court without jurisdiction over a case cannot enter judgment in favor of either party. It can only dismiss the case for want of jurisdiction.'' 14 Am. Jur., Courts, section 167, page 367. See, also, 21 C.J.S. Courts, section 116, page 177.

Since the petitioner was not a resident of the county wherein ■ the child was residing and the petition filed, the court was without jurisdiction to proceed.

The respondent court contends that motion to amend the petition to conform to the proof disclosed that petitioner was but temporarily out of the county and that she had never intended

to abandon her domicile and residence established and existing in the county.

"If there was no jurisdiction of the subject matter such as we find in this case on account of defects of the petition, the court has no power or right to find or determine the existence of jurisdictional facts for the simple reason that the trial judge was not invested with any authority to entertain the cause. There was no case legally pending, and the only power the trial court had was to refuse to entertain it and to dismiss the action." Gooding v. Gooding, 239 Mo. App. 1000, 197 S.W. (2d) 984, 987.

Jurisdiction over the subject matter of a suit cannot be acquired by a mere amendment subsequent to the final submission of the cause. In order to give a court authority to move affirmatively in a suit it must first have jurisdiction over the subject matter. Its lack of jurisdiction having been apparent on the face of the record the court ought to have refused to proceed further. Holton v. Holton, 64 Or. 290, 129 Pac. 532, 48 L.R.A., N.S., 779.

With these authorities we agree and hold that the respondent court was without power to attempt to confer jurisdiction by an amendment to conform to the proof in the circumstances here existing.

Respondent court further contends that the issue of residence is moot by reason of the fact that since the hearing the McGuires have established their domicile in Lewis and Clark County. Jurisdiction however is to be determined as of the time the action was commenced. 21 C.J.S. Courts, section 112, page 171.

We appreciate that the respondent, the Honorable Victor H. Fall, was moved by the merits of the case before him, but such consideration cannot be considered and with the facts developed on the trial we can have nothing to do. We must deal with the record before us on jurisdiction and, in our determination thereof, the merits of the case cannot be considered. 21 C.J.S. Courts, section 112, pages 170, 171.

It appears that the respondent, the Honorable Lester H. Loble, did not hear this case in the district court, took no part in the decision therein, and as to him his motion to quash is sustained and the proceeding dismissed.

It appearing that the Honorable Victor H. Fall and the district court of the first judicial district of the State of Montana, in and for the County of Lewis and Clark, were without jurisdiction to hear the petition of Lee McGuire for the reasons herein stated, let a writ of prohibition issue herein directed to, and commanding the district court of the first judicial district of the State of Montana, in and for the County of Lewis and Clark, and the Honorable Victor H. Fall, one of the judges thereof, to desist from any further proceedings in the matter of the custody of Roberta Ann Cowan on the petition pending, and also ordering the vacating and setting aside of any and all orders entered therein and that said petition of Lee McGuire be dismissed.

MR. JUSTICES CASTLES, ANGSTMAN, and ADAIR, concur.