IN THE MATTER OF DECLARING GEORGIA ARLENE YOUNG
A DEPENDENT AND NEGLECTED CHILD.

No. 10646

Submitted December 10, 1963. Decided January 21, 1964.

388 P.2d 379.

Thomas H. Mahan (argued), Helena, for appellant.

Roy V. Morledge, Jr., Raymond A. Wright (argued), Billings, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an appeal by the Department of Public Welfare of the State of Montana, acting through the Director of the Division of Child Welfare Services, from a decree filed on the 6th day of September, 1963, in the district court of Yellowstone County.

The record discloses that on October 2, 1962, a petition for permanent custody of the minor child here involved was filed in the district court which alleged that the parents of the minor were Marshall Young and Mildred Lucille Young; that the child was a dependent and neglected child by reason of its abandonment in Billings, Montana; that the present whereabouts of the parents was unknown; that both parents seemed to be unstable and unable to provide proper care and supervision of the minor child and that it would be for the best interests of the minor that custody be awarded to the appellant in this cause. Service of the citation issued by the court was made by publication and on November 16, 1962, an order was entered finding the child to be dependent and neglected and awarding her care, custody and control to the appellant and authorizing appellant to assent to the adoption of the child.

On May 23, 1963, this action was instituted by petition of the child's father, Marshall Young, in which he asserted that he had never consented in writing or otherwise to any adoption, that he was never served with process in the dependent and neglected child action; that he had been employed in Billings, Montana, since July, 1962; that certain persons in Billings knew of his whereabouts; that he did not voluntarily desert or abandon the child and that he had contributed in a substantial manner to the support of his child. He requested that the order of the court of November 16, 1962, be annulled, vacated, set aside and held for naught. A citation requiring appellant to appear and show cause why the relief requested should not be granted was issued and served.

The matter came on for hearing on July 10, 1963, and was submitted to the court; thereafter on August 14th findings of

fact and conclusions of law were filed, which findings, so far as pertinent here, found that the affidavit for publication of the citation averring that the parents could not be found in the State of Montana and that their present whereabouts were unknown had been incorrectly represented, but without any fraudulent intent; that the citation was not served upon the father although the father was a resident of Yellowstone county; that the father did not know of the proceeding until April of 1963 and commenced this proceeding in May, 1963. The court concluded that the judgment was void for want of jurisdiction and directed judgment be entered accordingly, and a decree was entered and this appeal followed.

The appellant's brief contains no specification of the errors relied upon as required by our Rule X, but it is stated in the brief that their position is that the district court's ruling which set aside the dependent and neglect order is contrary to law and that the decree is contrary to the law and the facts presented. While much is stated in the briefs as to the duties of a father toward his child and his responsibilities under the law, it clearly appears that the sole question involved here is one of due process as to the service of notice upon the father.

Under our code sections dealing with dependent and neglected children, R.C.M.1947, §§ 10-501 to 10-510, the district courts are possessed of wide discretionary powers but such powers must be exercised within the bounds of the code sections and the provisions for issuance of citation and service thereof upon the parents residing in the county must be observed in order to acquire jurisdiction. We have previously discussed this matter in State ex rel. Cowan v. District Court, 131 Mont. 502, 312 P.2d 119, and it is not necessary to here repeat what we held there.

A review of the record in this cause leads us to but one conclusion, that the district court correctly held it lacked jurisdiction to find the minor child dependent and neglected, and to award custody to the appellant.

Since this court is concerned as to the welfare of this child and the record does disclose that the parents have been remiss in their duties and obligations toward their child, affirmance of the decree herein does not preclude appellant from further maintaining this or another action wherein due process shall be observed.

The decree is affirmed and the cause is remanded to the district court.

MR. JUSTICES CASTLES, JOHN C. HARRISON, ADAIR and DOYLE concur.