No. 12287

IN THE SUPREME COURT OF THE STATE OF MONTANA

1973

---

BARBARA BONSER, Formerly
Barbara Sanders,

Appellant,

-vs-

COUNTY OF CASCADE and
STATE OF MONTANA,

Respondents.

---

Appeal from: District Court of the Eighth Judicial District,
Honorable Truman G. Bradford, Judge presiding.

Counsel of Record:

For Appellant:

Barney Reagan, Helena, Montana
Richard Shors argued, Cut Bank, Montana

For Respondent:

Hon. Robert L. Woodahl, Attorney General, Helena,
Montana
Thomas Mahan, Special Assistant Attorney General,
appeared, Helena, Montana
J. Fred Bourdeau, County Attorney, Great Falls, Montana
Michael J. Greely, Deputy County Attorney, Great Falls
Montana
James Walsh argued, Deputy County Attorney, Great Falls,
Montana

---

Submitted: February 27, 1973

Decided: MAR 2 7 1973

Filed: MAR 2 7 1973

Thomas J. Kearney

Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from an order granting permanent custody with the right to consent to adoption to the State Welfare Department of Montana. The order was made concerning three named children by the district court of the eighth judicial district, Cascade County, the Hon. Truman G. Bradford, presiding. The appeal is by the mother.

The single issue is whether the district court had jurisdiction to enter an order dated February 9, 1972, granting permanent custody to the state.

A petition dated June 11, 1971, requesting custody of five of appellant's children was filed July 9, 1971, by the state. A district court order dated July 9, 1971, set a hearing for July 21, 1971, on the petition for custody and ordered a citation be issued and served on the natural parents. The sheriff's return showed service of the citation on appellant on July 10, 1971, and on the father of one of the children on July 12, 1971. The district court record for July 21, 1971, indicates the court granted a motion by the state's attorney to continue the matter for three months with temporary custody in the state, and the matter was continued to October 20, 1971.

On November 9, 1971, the state filed a petition dated November 1, 1971, for permanent custody and the right to consent to adoption for three of appellant's children. A document entitled "Admission of Service" and dated November 4, 1971, was filed on November 11, 1971. This document stated:

> "Service of the Petition for Permanent Custody
> in the above entitled matter, and receipt of a
> true copy thereof, is hereby admitted and acknow-
> ledged this 4th day of November, 1971."

The document showed the signature of Gregory H. Warner. Subpoenas where issued to several witnesses for a hearing on November 18, 1971. Appellant and her attorney, Gregory H. Warner, were present

at the hearing. Testimony was presented to the court by respondent and appellant.

Appellant urges a lack of jurisdiction by the trial court in that no formal citation was issued for the petition seeking permanent custody filed November 9, 1971. In this connection appellant urges that service of the petition for permanent custody on appellant's attorney, or her appearance with her attorney for hearing and going forward with the hearing, was not effective for any jurisdictional purposes. The record is clear that appellant voluntarily appeared with her attorney, brought up the jurisdiction question, was offered a postponement of a week, and then agreed to proceed with a hearing on the merits of the petition.

Just the foregoing statement of the situation answers the issue. Clearly any objection to jurisdiction was waived; and just as clearly the court already had jurisdiction over the children and the mother. But, to clarify further, the following record is quoted:

> "MR. WALSH: For the record, the father of the children involved in this hearing is dead. The father of [one child] is a patient at the Veterans Administration Hospital at Fort Harrison. He has given a written consent and waiver of notice and consent to adoption already so he is not present. For the record the mother of the children is Barbara Bonser Lang, who is not in Court.
>
> "THE COURT: All right.
>
> "MR. WARNER: I have one preliminary matter. Has a citation been served on Mrs. Bonser?
>
> "MR. WALSH: I'm sure it was.
>
> "MR. WARNER: Mrs. Bonser Lang.
>
> "THE COURT: She seems to be here in court.
>
> "MR. WALSH: She is in court in any event.
>
> "MR. WARNER: For the record I would like to make an objection. There are two petitions as I understand it which have been filed. One was filed July 9, 1971, which is an open petition. It doesn't specify permanent or temporary custody. As I understand it, prior to this time the children were picked up. Secondly, on November 1st a second petition for permanent custody was filed seeking permanent custody.

"THE COURT: It appears to be November 9th.

"MR. WARNER: Excuse me. It is dated November 1st. The petition sets forth their proceeding pursuant to Section 10-504 which is the statute governing a dependent and neglected proceeding. That section does specify in mandatory language that a citation shall be issued upon the parents of the children involved who are present in the County. I would like to make an objection at least to the second petition, that this citation has not been served upon the mother and that such a defect is a jurisdictional defect and I would refer to Henry Young, which held that the judgment was void when the citation was not served and State ex rel. Cowan, 312 Pac.2d 119, which specifically held that citation fixing the date and the time of hearing must be issued and served upon the parents as a jurisdictional prerequisite to the court determining custody pursuant to any petition that is filed.

" THE COURT: In those cases, did anybody appear?

"MR. WARNER: Yes.

"MR. WALSH: If I may, your Honor. The original petition in this case was filed on the 11th day of June, 1971. I am sure the record and the minutes, minute entries in this case, will show that the mother of all five of these children have appeared previously to this and has appeared in the company of counsel and has been represented by counsel. The record will also show, the file will show, that on the 4th day of November, 1971, a copy of the petition for permanent custody was served on counsel for the mother and that the hearing on the original petition had been postponed until---at least twice with the consent of counsel who represented Mrs. Bonser. Mrs. Bonser has appeared previously with counsel and, if the Court please, the original petition was served upon her and the Court assumed jurisdiction at that time. Since that time it would be a useless and meaningless act to reserve her since she was represented by counsel.

"MR. WARNER: Your Honor, we do not deny we have notice of the original petition, and I admitted service on the second petition. The only objection I am raising is the one that is set forth in the statute that requires that a citation fixing the day and time of the hearing of such petition shall be served upon one or both of the parents and to the extent that that is a jurisdictional requirement, we do raise that objection. And it relates particularly to the subsequent petition that was filed for permanent custody. Now on the original petition ---you say it was filed July--June 11?

"MR. WALSH: I'm not sure of the date of the filing.

"THE COURT: The original petition was filed on July the 9th.

"MR. WARNER: July the 9th. Secondly, I would like to make a second objection that it is my understanding

- 4 -

of the facts that the children were picked up without process on approximately June 11th, or June 15th of 1971, and that the statute requires that the officer so proceeding pursuant to Section 10-503, it states: 'It shall be the duty of said officer within 48 hours thereafter to file a petition and proceed as herein provided for.' To that extent, we would make the objection to the original petition that it was not filed within 48 hours of the time the children were picked up.

"MR. WALSH: If I may, your Honor, the State contends any such objection was waived by any party who may raise the objection at all by virtue of the fact that she again did appear in court pursuant to the citation on the 21st day of July. At that time, in the presence of counsel, and I think the minutes will show this, there was a stipulation that the children could be kept in the custody of the Welfare Department until the 20th of October, at which time on the 20th of October the matter was again continued with the consent of counsel and with the consent of the mother. And again contained until today, both by stipulation of counsel and the mother.

"MR. WARNER: Your Honor, we recognize that we have stipulated to that temporary custody, but the objection we are making is purely jurisdictional. And jurisdiction has to be determined at the time of the commencement of the action. If it was lacking at the time the petition was filed then the court would be without power to exercise any determination pursuant to that petition.

"THE COURT: Let me ask you, do you want to hear this next week or do you want to hear it today? I can continue the matter until next Thursday. She is here and we will let her know so that she has had--- that will take the place of the citation I would hope. She is here and present and would know. If you want to hear it next week, we could come back next week and do it. If you want to hear it now, we can hear it now.

"MR. WARNER: I am not going to waive any rights she may have to the jurisdiction if there is any defect in the record as it stands now.

"THE COURT: All right. She knows now she will be here next Thursday.

"MR. WARNER: I don't know if that is the solution to the problem.

"THE COURT: It certainly does it. The only purpose of the citation is to give them notice to be here so they know when the hearing is. That is the purpose of the citation, If she knows, why does she know.

"MR. WARNER: We are willing to proceed at this time, but I'm not going to waive any objection that we may have to the service of the citation.

"THE COURT: How did she get notice to be here today?

- 5 -

"MR. WARNER: After considerable discussion we were prepared to come here at 10:30 and it was postponed until 2:00.

"THE COURT: How did she know it was today?

"MR. WARNER: I personally went to her house at 5:30 yesterday and told her the hearing was to be held today at 10:30.

"THE COURT: Do you need any further time to prepare for the hearing? How long have you known about it?

"MR. WARNER: We are ready to proceed with the hearing if the Court wants to proceed.

"THE COURT: All right, let's go."

Appellant's argument hinges entirely on the formality of issuance and service of a citation. However, appellant's argument overlooks the clear fact that the court already had jurisdiction and appellant's actions were a waiver as to procedural rights.

Appellant cites section 10-504, R.C.M. 1947, which specifies the issuance of citation and service of notice for the obvious purpose of due process of law and fairness. It provides for two days notice. It is designed to give notice for preparation of facts or defenses. It provides for temporary, expedient measures with subsequent formal proceedings. Just as here, under the record heretofore set forth, once jurisdiction is had interested parties may waive their rights.

Appellant also cites State ex rel. Cowan v. District Court, 131 Mont. 502, 312 P.2d 119, for the principle that a citation must issue as a jurisdictional prerequisite. Cowan does stand for the proposition that if anyone other than the welfare department brings the action, it is mandatory that a citation issue and be served on the welfare department, as section 10-504 provides. In the instant case, as previously stated, jurisdiction was had at all times. The mother was represented by counsel at all times. She had a series of hearings and postponements and finally appeared voluntarily. If nothing else, the court's order and direction on the day of hearing is, under these circumstances,

- 6 -

a citation sufficient to comply with the statute. The appellant, through counsel, clearly waived the other procedural rights. We find no error.

Appellant has not urged nor argued the merits, but we have studied the transcript and find the best interests of the children, in view of the evidence presented at the hearing, show that the district court judge's order was proper.

_Wesley Castles_
Associate Justice

We Concur:

_James T. Harrison_
Chief Justice

_John Conway Harrison_
Associate Justices.

\* \* \* \*

Mr. Justice Gene B. Daly and Mr. Justice Frank I. Haswell dissenting:

We dissent.

We do not quarrel with the district court's findings on the merit as it concerns the health and welfare of the children.

The problem here is whether the district court had jurisdiction in this case, that is, the right to hear and determine the matter at all.

Here the State of Montana filed a petition on June 11, 1971, seeking temporary custody of five children; had a proper citation issued; a hearing date set; and the parties served as directed

by section 10-504, R.C.M. 1947, and thereby acquired jurisdiction for that purpose.

The hearing was continued for three months, with temporary custody in the State, until October 20, 1971. That hearing was never held.

On November 9, 1971, the State of Montana filed a new petition seeking permanent custody and the right to consent to adoption for only three of the five children. A proper citation was never issued or served on the parents. The State served the attorney for the parents under the amended complaint theory, with the petition. The State argues that the purpose of the citation and service is for "notice" and therefore it has met the requirements of the statute.

This is a new action, not affecting all of the children in the original petition for temporary custody, asking to extinguish all parental rights as opposed to merely custody as was asked for originally. The issuance and service of citation is jurisdictional and failure to comply leaves the court without authority to act. This Court previously so held in the following decision:

> In the Matter of Declaring Georgia Arlene Young a Dependent and Neglected Child, 143 Mont. 230, 232, 388 P.2d 379.

_____

_____
Associate Justices.