MR. JUSTICES DALY and HASWELL
(dissenting):
We dissent.
*9 We do not quarrel with the district court’s findings on the merit as it concerns the health and welfare of the children.
The problem here is whether the district court had jurisdiction in this case, that is, the right to hear and determine the matter at all.
Here the State of Montana filed a petition on June 11, 1971, seeking temporary custody of five children; had a proper citation issued; a hearing date set; and the parties served as directed by section 10-504, R.C.M. 1947, and thereby acquired jurisdiction for that purpose.
The hearing was continued for three months, with temporary custody in the State, until October 20, 1971. That hearing was never held.
On November 9, 1971, the State of Montana filed a new petition seeking permanent custody and the right to consent to adoption for only three of the five children. A proper citation was never issued or served on the parents. The State served the attorney for the parents under the amended complaint theory, with the petition. The State argues that the purpose of the citation and service is for “notice” and therefore it has met the requirements of the statute.
This is a new action, not affecting all of the children in the original petition for temporary custody, asking to extinguish all parental rights as opposed to merely custody as was asked for originally. The issuance and service of citation is jurisdictional and failure to comply leaves the court without authority to act. This Court previously so held in the following decision: In the Matter of Declaring Georgia Arlene Young a Dependent and Negelected Child, 143 Mont. 230, 232, 388 P.2d 379.