**Northern Insurance Company of New York, Appellee, v. Martin R. Doctor, Defendant Below, General Fire and Casualty Company, Defendant Below, Appellant, Checker Taxi Company, Third Party Defendant, Appellant.**

**Gen. No. 47,675.**

First District, First Division.

October 26, 1959.

Released for publication November 18, 1959.

Jesmer and Harris, of Chicago (Harvey Shapiro, of counsel) for appellants.

John J. Treacy, of Chicago, for appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff, Northern Insurance Company of New York (herein called Northern) obtained a judgment for $586.79 against defendants General Fire and Casualty Company (herein called General) and Checker Taxi Company (herein called Checker). The case grew out of a collision between the automobile of one Doctor and a Checker taxicab on August 21, 1950. Doctor was insured with Northern against damages to his automobile. Checker was insured with General. Doctor was a defendant below, but a verdict was directed in his favor and as there is no complaint against that ruling, it is not necessary to give it any consideration here.

The case was tried on the third amended complaint filed by Northern, and in this case it relies entirely on the second of three Counts. That Count is directed against General only and charges that General willfully and fraudulently induced Doctor to violate his contract with plaintiff by executing a release which barred plaintiff's right of subrogation against Checker, to the damage of plaintiff. A verdict was directed on that Count in favor of Northern and against General. The jury, however, in rendering its verdict as directed also included Checker, and for some unexplained reason Checker continued to be included throughout the appeal, although plaintiff disclaims any intention to hold Checker. The judgment against Checker will therefore be reversed and we will consider only whether a case was made against General. General offered no testimony on its own account, and hence the sole question is whether or not the evidence adduced on behalf of plaintiff made a case.

This testimony shows that one Hannon, an adjuster acting for Northern, called on one O'Neal, an ad-

juster for General, and was advised by O'Neal that there was no question of liability, that is, the liability of Checker, General's insured. After Northern had received a bill for damages to the automobile in the amount of $611.76, Hannon again spoke to O'Neal, who asked him to wait another thirty days or so. In that interval, General had contacted Doctor and obtained a general release. Doctor testified in substance that he told General's agent that loss of the use of his car would cause him considerable damage; that he had to do some traveling of a business nature; and he estimated his loss at $120. To that he added $25, which is the deductible amount in the Northern policy, making the total amount of $145 not covered by his policy with Northern. He testified that he told the adjuster a number of times that he had insurance, and the adjuster assured him that he was merely being reimbursed for loss of the use of his car; that this did not cover any other damages and hence he could make the settlement without giving up his right to collect the insurance from Northern for damages to his car. Accordingly, Doctor took the $145 and executed a general release.

The question therefore directly presented to us is whether this constitutes fraudulent inducement to the defendant Doctor to violate his contract with Northern. The essential elements of this tort are: (1) defendant's knowledge of the existing contract; (2) the inducement; (3) the subsequent breach by the third person; and (4) damage to the plaintiff. Doremus v. Hennessy, 176 Ill. 608; Pure Milk Ass'n v. Kraft Foods Co., 8 Ill.App.2d 102; Bloom v. Bohemians, 223 Ill. App. 269; Harper, Interference with Contractual Relations, 47 N. W. U. L. Rev. 873 (1953). The inducement need not amount to fraud. The action was originally applied to cases which involved inducement to breach contracts of employment, but in the Pure Milk

228

Ass'n case it was extended to other contracts. The principle has been applied in a case similar to the one before us, Chicago B. & Q. R. Co. v. Emmons, 42 Ill. App. 138. All the elements necessary to establish a case under Count II were proved by Northern.

It is argued that the motion to direct a verdict related to Count III, not Count II. That is the fact, but it is clearly apparent that this was an error and that Count II was intended. We will so consider it.

Defendant General contends that the holding in Inter Insurance Exchange of Chicago Motor Club v. Andersen, 331 Ill. App. 250 (1947) is to the contrary. The issue of fraudulent interference with performance of a contract was never presented in that case. On the facts before it, the court chose to hold the insured liable, instead of the wrongdoer in that "[t]he goal of prudence in one's conduct would seem to be reached more truly by making the insured duty bound to refrain from executing a release except with the approval of the insurer."

General devotes the greater portion of its brief to the argument that there was a prior adjudication of the issue involved. It appears that in a prior action Northern had sued Checker under the subrogation clause of its policy with Doctor for the amount it had paid Doctor, to-wit: $586.79. In that suit Checker pleaded as a defense the general release signed by Doctor, and a motion for judgment on the pleadings in favor of Checker was sustained. No appeal was taken from that judgment.

██ The doctrine of res judicata rests on the principle that questions directly in issue or those which might have been submitted to a court of competent jurisdiction in a particular controversy should not be relitigated in a future controversy arising out of the same cause of action between the *same parties or their successors in interest,* either in the same court or any

229

other court of concurrent jurisdiction. Cohen v. Schlossberg, 17 Ill.App.2d 320, and cases there cited. Also, see People ex rel. Adams v. McKibben, 377 Ill. 22. The parties are not the same and the cause of action is not the same as that presented by Northern in its Count II.

The other points made by General are based on the wrong assumptions, that is, that this is a suit under a subrogation agreement and that it is in essence a suit to set aside a release. As we have stated, it is a suit for fraudulent inducement to breach a contract, and we find that the trial court properly directed a verdict for plaintiff.

The judgment against Checker Taxi Company is reversed. The judgment against General Fire and Casualty Company is affirmed and all costs are assessed against it.

Judgment against Checker Taxi Company is reversed.

Judgment against General Fire and Casualty Company affirmed.

DEMPSEY, P. J. and McCORMICK, J., concur.