513 P.2d 1082 (1973)
COMTROL, INC., a corporation, Plaintiff-Appellant,
v.
MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a corporation, and Charles Marshall, Defendants-Appellees.
No. 72-283.
Colorado Court of Appeals, Div. I.
July 10, 1973.
Rehearing Denied July 31, 1973.
*1083 Dawson, Nagel, Sherman & Howard, Charles R. Frederickson, Christopher Lane, Denver, for plaintiff-appellant.
J. Cotton Howell, Denver, for defendants-appellees.
Selected for Official Publication.
COYTE, Judge.
Plaintiff, an independent consulting firm, on August 5, 1971, entered into a written contract to conduct a survey of the communications system of Beth Israel Hospital for an agreed price. Defendant Charles Marshall is a communications consultant employed by Mountain States Telephone and Telegraph Company (Mountain Bell) and was in charge of supervising service to the hospital and several other institutions. Upon learning that there had been a contact between plaintiff and the hospital, defendant Marshall went to the hospital and discussed Mountain Bell's survey facilities and policy and offered to *1084 conduct a survey which would be without cost to the hospital. After he had been informed that the hospital had signed a contract for such survey with plaintiff, he again offered to perform a survey for the hospital at no cost to it. The hospital subsequently advised plaintiff that it had accepted defendants' offer to conduct a survey and would not need the services of plaintiff.
Plaintiff then filed suit against defendants alleging that they had induced the hospital to breach its contract with plaintiff. Defendants generally denied that they had induced the breach. On motion of defendants at the conclusion of plaintiff's presentation of evidence to a jury, the trial court dismissed plaintiff's complaint and entered judgment in favor of defendants. Plaintiff appeals contending that it was error for the trial court to dismiss its complaint. We agree and reverse.

I.
Defendants contend that this court is without jurisdiction to review this case for the reason that plaintiff's notice of appeal stated that it was appealing from the order directing a verdict in favor of defendants and that this order is not a final judgment nor an appealable order.
A similar error made by counsel for plaintiff is involved in State Farm Mutual Automobile Insurance Co. v. Palmer, 350 U.S. 944, 76 S.Ct. 321, 100 L.Ed. 823, reversing, 9 Cir., 225 F.2d 876. Following entry of judgment in the trial court in that case, Palmer moved for a new trial and to amend findings. His motion was denied. He filed a notice of appeal from the order denying the motion, identifying it by date. The court of appeals dismissed the appeal, holding that the order from which the appeal was taken was nonappealable and that the notice of appeal was ineffective to bring the judgment on the merits before it for review because it did not specify that judgment. The Supreme Court summarily reversed.
It is apparent that plaintiff intended to appeal from the judgment entered dismissing its complaint. The error in the notice of appeal is harmless, and this court does have jurisdiction to review this case on appeal.

II.
A motion for a directed verdict in a jury trial admits the truth of the adversary's evidence and of every favorable inference of fact which may legitimately be drawn therefrom. Panion v. Crichton, 144 Colo. 170, 355 P.2d 938. Such a motion should not be granted unless the evidence, considered under this standard, compels the conclusion that reasonable men could not disagree and that no evidence or inference had been received at trial upon which a verdict against the moving party could be sustained. Schaffner v. Smith, 158 Colo. 387, 407 P.2d 23; Nettrour v. J. C. Penney Co., 146 Colo. 150, 360 P.2d 964.
There are five specific elements involved in the tort of intentionally inducing a breach of contract. They are: (1) existence of a valid contract between plaintiff and a third party; (2) knowledge by the defendant of this contract, or knowledge of facts which should lead him to inquire as to the existence of the contract; (3) intent by the defendant to induce a breach of contract by the third party; (4) action by the defendant which induces a breach of the contract; and (5) damage to the plaintiff. See, e.g., Restatement of Torts, § 766; Zelinger v. Uvalde Rock Asphalt Co., 316 F.2d 47 (10th Cir.) (holding that Colorado law follows the Restatement); Northern Insurance Co. v. Doctor, 23 Ill. App.2d 225, 161 N.E.2d 867; Freed v. Manchester Service, Inc., 165 Cal.App.2d 186, 331 P.2d 689; American Surety Co. v. Schottenbauer, 8 Cir., 257 F.2d 6; Israel v. Wood Dolson Co., 1 N.Y.2d 116, 151 N.Y. S.2d 1, 134 N.E.2d 97.
In the instant case, taking the evidence in the light most favorable to plaintiff, it was established that there existed a *1085 contract between plaintiff and the hospital, that the contract was breached and that plaintiff suffered damage thereby. Shortly after defendant Marshall heard of either the contract or the contact between plaintiff and the hospital, he went to the hospital, and even after he had been specifically advised of the existence of the contract between plaintiff and the hospital, he attempted to sell the Mountain Bell survey to the hospital. Whether he intended to cause a breach of the contract and whether his actions induced a breach of the contract between plaintiff and the hospital were factual issues which the court should have allowed the jury to determine.
Judgment reversed and cause remanded with directions to reinstate plaintiff's complaint and for further proceedings thereon.
SILVERSTEIN, C. J., and PIERCE, J., concur.