**THOMAS NELSON INC., a corporation, Plaintiff,**

v.

**The HENRY REGNERY COMPANY, a corporation, and James Joseph, an individual, Defendants.**

**No. 73 C 3144.**

United States District Court,
N. D. Illinois, E. D.

April 26, 1974.

W. Thomas Hofstetter of Pattishall, McAuliffe & Hofstetter, Chicago, Ill., for plaintiff.

John M. Galvin of Ashcraft & Ashcraft, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the plaintiff's motion for a preliminary injunction.

This is an action seeking to redress the alleged breach and inducement to breach a contract between the plaintiff and defendant James Joseph. The jurisdiction of this Court is allegedly based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is alleged to exceed $10,000 exclusive of interest and costs.

The plaintiff Thomas Nelson, Inc. ("Nelson") is a Tennessee corporation having its principal place of business in Nashville, Tennessee. The plaintiff and its predecessor have long been engaged in the business of publishing and marketing books throughout the United States. The defendant, the Henry Regnery Company ("Regnery") is an Illinois corporation having its principal place of business in Chicago, Illinois. The defendant James Joseph is a citizen of the State of California and resides in Los Angeles, California.

On December 12, 1973, plaintiff Nelson filed a complaint against the defendants alleging breach of contract by Joseph, an author (Count I); tortious interference with contractual relations by Regnery, a publisher (Count II); and conspiracy to breach contract by Regnery and Joseph (Count III).

The plaintiff, in the complaint, alleges, *inter alia*, the following facts:

1. On or about April 14, 1961, plaintiff's predecessor entered into a written agreement with defendant Joseph, the author of a book entitled *Careers Outdoors,* wherein the parties agreed to the publication of that book by plaintiff under the terms of the agreement. The agreement has not been terminated and remains in full force and effect. As a result of this agreement plaintiff and its predecessor, at substantial expense, prepared, published, promoted and sold defendant Joseph's aforesaid book entitled *Careers Outdoors*, and plaintiff and its predecessor have at all times complied with the terms of said agreement. Plaintiff and its predecessor have published and sold approximately 100,000 copies of *Careers Outdoors*, said book currently being in its seventh printing, and plaintiff and its predecessor have accounted to and paid defendant Joseph all royalties due said defendant pursuant to the terms of the agreement. As a result of the aforesaid publication, promotion and sale of *Careers Outdoors* by plaintiff and its predecessor, plaintiff has acquired and now owns a valuable business in the marketing and sale of said book.

2. Pursuant to Paragraph 1 of this agreement, defendant Joseph granted and assigned all rights in the work to plaintiff; and in Paragraph 2C of said agreement, defendant Joseph agreed that he will not, without plaintiff's written consent:

   ". . . write, print, publish or produce, or cause to be written, printed, published or produced

during the continuance of this contract any other edition of said work or any work in any form of a similar character or title tending to interfere with or injure the sale of the Work in any manner."

3. On or about July 23, 1973, the trade journal, "Publishers Weekly", contained an advertisement announcing the publication of a book to be entitled *250 Careers Out-Of-Doors* by defendant Joseph, to be published by defendant Regnery. Upon learning of the aforesaid announcement to the trade, plaintiff promptly objected and gave notice in writing to both defendants that the announced publication of *250 Careers Out-Of-Doors* would violate the agreement between defendant Joseph and plaintiff. As a result of plaintiff's written notice to defendants, the publication date was initially postponed, but the defendants now threaten to proceed with the publication of the book under the title *The Complete Out-Of-Doors Job, Business and Profession Guide*, and plaintiff is informed and believes that the publication of said book is now imminent.

4. Defendants' aforesaid book entitled *The Complete Out-Of-Doors Job, Business and Profession Guide* is a work of a similar character and title tending to interfere with or injure plaintiff's sale of its aforesaid book. Defendants' publication of their aforesaid book is likely to irreparably damage plaintiff and its business and, unless enjoined, is likely to destroy the market created by plaintiff for its aforesaid book by making the current edition of *Careers Outdoors* obsolete and outmoded.

5. Defendant Joseph's aforesaid acts constitute a material breach of the agreement between plaintiff and defendant Joseph. Upon information and belief, defendant Joseph's aforesaid breach of the agreement has been willful. Defendant Joseph's aforesaid acts result in the unjust enrichment of said defendant.

6. Defendant Regnery is and has been fully aware of the aforesaid publication agreement between defendant Joseph and plaintiff, and is and has been on notice that the writing, printing, production or publication of the aforesaid book *The Complete Out-Of-Doors Job, Business and Profession Guide* constitutes a material breach of the agreement. Upon information and belief, defendant Regnery has interfered with the contractual relationship between plaintiff and defendant Joseph by inducing or otherwise purposely causing defendant Joseph to enter into an agreement with defendant Regnery to publish a book of a similar character and title to plaintiff's aforesaid book in breach of the agreement. Defendant Regnery's aforesaid acts result in the unjust enrichment of said defendant. Defendant Regnery's aforesaid interference with the contractual relationship between plaintiff and defendant Joseph has caused, and is likely to cause, great and irreparable damage to plaintiff and plaintiff's aforesaid business.

7. Notwithstanding the aforesaid notice and objection by plaintiff to defendant's aforesaid announcement to the trade of the prospective publication of *250 Careers Out-Of-Doors*, defendants have conspired to breach the agreement between plaintiff and defendant Joseph by proceeding with the publication of their new book under the title *The Complete Out-Of-Doors Job, Business and Profession Guide*, knowing that the book is similar in both character and title to plaintiff's aforesaid book entitled *Careers Out-Doors*. Upon information and belief, defendants' conspiracy to breach the aforesaid agreement was and is for the purpose of exploiting the market presently served by plaintiff's aforesaid book, and will destroy the value of plaintiff's book unless restrained by this

Court and will result in the unjust enrichment of defendants.

The plaintiff seeks the following damages:

1. Defendants, their agents, servants, employees, representatives and attorneys, and all others holding by, through or under defendants, or in active concert or participation with defendants, either separately or jointly, be enjoined and restrained, during the pendency of this action and thereafter during the continuance of the agreement dated April 14, 1961 from writing, printing, publishing or producing the book authored by defendant Joseph and entitled *The Complete Out-Of-Doors Job, Business and Profession Guide*, and any other work, for which plaintiff does not give its written consent, that is of a similar character or title tending to interfere with or injure the sale of plaintiff's book entitled *Careers Outdoors*.

2. Defendants, and each of them, be required, as trustee *ex maleficio* for plaintiff, to account for and pay over to plaintiff all unjust enrichments and profits wrongfully derived by defendants from their violation of plaintiff's rights under the agreement dated April 14, 1961.

3. Defendants, and each of them, be required to pay to plaintiff all damages sustained by plaintiff as a result of defendants' unlawful acts.

4. Defendants, and each of them, be required to pay to plaintiff the sum of five thousand dollars ($5,000) as and for exemplary damages for defendants' willful violation and disregard of plaintiff's contractual rights.

5. Defendants, and each of them, be required to pay to plaintiff the costs of this action, together with plaintiff's reasonable attorneys' fees and disbursements incurred herein.

6. Plaintiff have such other and further relief as this Court deems equitable and just.

In the instant motion the plaintiff seeks this Court to preliminarily enjoin defendants, The Henry Regnery Company and James Joseph, their agents, servants, employees, assigns and all persons in active concert and participation with them from publishing, printing, producing, marketing or offering for sale, during the pendency of this action, the work written by defendant James Joseph under the title *250 Careers Out-Of-Doors* or *The Complete Out-Of-Doors Job, Business and Profession Guide*, or any other work similar in character or title to plaintiff's book *Careers Outdoors*.

The defendant Regnery, the only defendant who responded to the instant motion, contends that the plaintiff's motion for a preliminary injunction should be denied because the plaintiff has failed to demonstrate a *prima facie* case of tortious interference with the contract in question.

It is the opinion of this Court after carefully examining the relevant pleadings, memoranda, depositions, affidavits and exhibits, and weighing the testimony of witnesses presented by the parties in support of their respective positions that the plaintiff's motion should not be granted at this time.

When an application for a preliminary injunction is made, the moving party has the burden of showing that he is entitled to the relief sought based upon the following criteria: (1) irreparable harm to the moving party absent such stay; (2) absence of substantial harm to other interested parties; (3) absence of harm to the public interest; (4) a likelihood that the moving party will prevail on the merits.[1]  See Winkle-

---

[1]. One further criterion has occasionally been mentioned in the opinions of other courts: the absence of a serious dispute between the parties as to the facts alleged and the law applicable. See, e. g., N.W. Controls Inc. v. Outboard Marine Corporation, 317 F.Supp. 698 (D.Del.1970). Analytically, it appears that this is not so much a separate criterion

man v. New York Stock Exchange, 445 F.2d 786 (3rd Cir. 1971); Nelson v. Miller, 373 F.2d 474 (3rd Cir. 1967); Bowers v. Columbia General Corporation, 336 F.Supp. 609 (D.Del.1971).

■ After carefully examining and weighing the memoranda, depositions, affidavits, exhibits and testimony of witnesses submitted by the parties in support of their respective positions it is clear to this Court that the plaintiff has failed in his burden to meet the requirements of criteria 1, 2 and 4.

First, the plaintiff has failed to adequately demonstrate that there will be irreparable harm to the plaintiff if the preliminary injunction is not granted. It is questionable whether there is a significant overlap in the potential market for the two books in question. The market for the plaintiff's book is apparently almost exclusively limited to sales to correspondence schools and defendant Regnery has apparently not contracted to sell its book to any correspondence school, but only to bookstores and libraries.[2]

Second, the plaintiff has failed to demonstrate an absence of substantial harm to the defendant Regnery were the injunctive relief to be granted. The defendant Regnery has completed the printing of its book and allegedly is presently able to distribute and sell its book. If defendant Regnery is unjustly restrained from distributing its book it will not only be unable to fill the orders it has received and thus lose sales, but also will lose its good will with certain distributors and purveyors of its books

Third, the plaintiff has failed to establish the likelihood that it will prevail on the merits. It is clear to this Court after carefully examining the two books in question that while there is similarity in general subject matter of the books there is considerable difference in manner and mode of presentation, the specific matter covered and the degree of analysis of the material. The plaintiff's book for the most part is an individualized case study of profitable out-door jobs while the defendant's book is more of a catalogue of specified out-door jobs.

■ Further, the traditional elements of the tort of inducing a breach of contract are: (1) an existing contract between the plaintiff and a third party; (2) defendant's knowledge of this contract; (3) an intentional unjustified inducement to breach the contract; (4) a subsequent breach by the third party; and (5) resulting damage to the plaintiff. Hannigan v. Sears Roebuck & Co., 410 F.2d 285 (7th Cir. 1969); National Gas Appliance Corp. v. Manitowoc Company, 311 F.2d 896 (7th Cir. 1962); see also Northern Insurance Co. of New York v. Doctor, 23 Ill.App.2d 225, 161 N.E.2d 867 (1959).

■ The plaintiff has thus far failed to establish all these elements and thus has failed to demonstrate the likelihood of it prevailing on the merits.

Accordingly, it is hereby ordered that the plaintiff's motion for a preliminary injunction is denied.

---

as simply a recognition of two well established principles. First, the moving party carries the burden of convincing the court that he is entitled to preliminary relief under the above listed criteria and where the motion is presented upon affidavits or testimony, the sworn statements submitted by the opposing party are ordinarily to be given the same weight as conflicting sworn statements of the moving party. Warner Brothers Pictures v. Gittone, 110 F.2d 292 (3rd Cir. 1940). Second, a court should ordinari-

ly decline to decide novel questions of law on less than a complete record. This fifth criterion should not be interpreted to mean that the moving party must establish his right to ultimate relief beyond a doubt, but, that the presence of a novel legal question may bar preliminary relief which might otherwise be appropriate.

2. See Defendant's Exhibits numbered 1 and 2, and the testimony of Harvey Plotnick at the hearing held on March 27, 1974.