32 Ill. App.3d 491 (1975)
336 N.E.2d 568
HERMAN KNELL et al., d/b/a KNELL & LEZAK, Plaintiffs-Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant-Appellee.
No. 58404.
Illinois Appellate Court  First District (3rd Division).
September 18, 1975.
Willard J. Stepek and Joseph B. Lederleitner, both of Chicago, for appellants.
Frank J. Pause, Dom J. Rizzi, and Jack R. Pine, all of Beverly, Pause, Duffy & O'Malley, of Chicago, for appellee.
Judgment affirmed.
Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:
Plaintiffs, attorneys Herman Knell and Samuel Lezak, d/b/a Knell & Lezak, brought this action to recover damages and attorneys' fees allegedly due them as a result of defendant insurance company's settlement of a case directly with plaintiffs' client, Harold Masterson. Plaintiffs filed a two count complaint, alleging in Count I a violation of "An Act creating Attorney's lien and for enforcement of same" (Ill. Rev. Stat. 1973, ch. 13, par. 14) and in Count II malicious interference with the attorney-client contractual relationship. In Count II plaintiffs ask for punitive damages. The trial court entered judgment on Count I in favor of plaintiffs and, after striking certain subparagraphs of Count II, granted plaintiffs leave to file an amended complaint. After plaintiffs filed their amended complaint *492 and pursuant to defendant's motion, the trial court granted summary judgment as to the amended Count II. Plaintiffs' motion to vacate the summary judgment and to file an amendment to Count II of the amended complaint were ordered denied by the trial court and plaintiffs now appeal from this order.
Plaintiffs raise the following issues on appeal: (1) whether or not the record shows an issue of fact precluding summary judgment for the defendant on Count II; and (2) whether or not it was error to deny plaintiffs' motions for leave to amend Count II and for other relief.
We affirm.
Count I of plaintiffs' complaint alleged in pertinent part that Harold Masterson was injured on September 22, 1969, in a collision with a vehicle operated by Joanne Fritz who was insured by defendant State Farm Mutual Casualty Company; that Harold Masterson executed a written attorney's agreement retaining attorneys Knell and Lezak and agreeing to pay them one-third of any monies recovered in his claim against Joanne Fritz; that a notice of attorney's lien was mailed to defendant's insured; and that subsequently defendant insurance company without notice or consent of plaintiffs issued two checks in the amount of $3,671 to Masterson thereby obligating defendant to plaintiffs in the sum of $1,200 pursuant to the Act (Ill. Rev. Stat. 1973, ch. 13, par. 14).
As to the above Count I of the complaint, the trial court on April 18, 1972, entered judgment in favor of plaintiffs in the amount of $1,223.66. In the same order the trial court struck certain subparagraphs of Count II of the complaint and granted plaintiffs leave to file an amended complaint.
In their amended complaint plaintiffs realleged the allegations of Count I and incorporated these allegations in Count II of the amended complaint. Plaintiffs further alleged in Count II of the amended complaint that Masterson gave defendant's authorized employee and adjuster, Louis Bruce, a copy of Lezak's business card and advised Bruce that he was represented by said attorney; that subsequently Bruce informed his supervisors "I believe I can settle with [Masterson] if he is not influenced by outsiders to retain the Chicago attorneys"; and that defendant insurance company knew or should have known that plaintiffs had been contracted to represent Masterson.
Count II of the amended complaint went on to allege that the defendant committed the following wilful acts: refrained from acknowledging the attorney's lien of plaintiffs; advised Harold Masterson that company policy required that all negotiating and settlements would be with the attorneys; over a period of five months, made payments to said Harold Masterson, advising him said payments were for his out-of-pocket expenses; *493 secured Harold Masterson's signature on a receipt and several documents entitled "Release"; and refrained from advising plaintiffs that defendant was in regular contact with and making payments to Harold Masterson.
Defendant then filed motions to dismiss Count I of the amended complaint, to strike and dismiss Count II and in the alternative for judgment on the pleadings as to Count II. In addition, defendant filed a motion for summary judgment as to Count II.
Accompanying the above motions were excerpts from the record in a case filed in Federal court prior to the filing of the instant case. These excerpts indicate that plaintiffs filed an action as attorneys on behalf of Harold Masterson in the United States District Court for the Northern District of Illinois concerning the validity of the release that defendant insurance company had obtained from Masterson, that a jury found in favor of defendant on the above issue, and that the Federal court on June 18, 1972, entered judgment on that jury verdict.
Defendant's motions were also supported by the affidavit of attorney Frank J. Pause who represented defendant in the above action filed in the Federal District Court. The affidavit of Frank J. Pause averred in pertinent part that a judgment in favor of defendant was obtained in the Federal court action concerning the validity of the release; that there was no breach or termination in the contractual relations between plaintiffs and their client; that, on the contrary, plaintiffs continued in their efforts to recover damages for their client by filing the above action in the district court; and that Masterson was free to discharge said attorneys at any time subject only to said attorneys right of compensation.
The trial court then issued an order granting summary judgment in favor of defendant on Count II of the amended complaint and granting plaintiffs leave to withdraw Count I of the amended complaint. Plaintiffs then moved to vacate the summary judgment and to amend their amended Count II by adding paragraph 8e in which they allege that defendant induced the breach of the employment contract between plaintiffs and Masterson in that the settlement terminated the litigation which plaintiffs were hired to handle and the settlement without attorney's fees breached the attorney-client contract because the attorney's fees were not paid as part of the settlement. The trial court ordered that both the motion to vacate the summary judgment and the motion to amend the complaint be denied.
In the instant case, defendant filed both a motion to strike and dismiss and a motion for summary judgment as to Count II of the amended complaint. The trial court entered its order granting summary judgment, never having ruled on defendant's motion to strike and dismiss. A similar *494 procedural situation presented itself in Janes v. First Federal Savings & Loan Association (1974), 57 Ill.2d 398, 312 N.E.2d 605. In Janes the court stated "[w]hen, and only when, a legally sufficient cause of action had been stated should the court have entertained the motions for summary judgment and considered the affidavits filed in support thereof." (57 Ill.2d 398, 406, 312 N.E.2d 605, 609.) In Janes, however, the court went on to say that remanding that case would occasion delay and waste of judicial resources and thus considered the case on its merits. For similar reasons we will consider the case at bar on its merits.
Plaintiffs raise two issues in this appeal: (1) whether or not there was an issue of fact which precluded the trial court's granting summary judgment and (2) whether or not it was error for the trial court to deny plaintiffs' motion to amend the amended Count II by adding paragraph 8e. It is our decision on appeal that, even with the allegations of paragraph 8e, plaintiffs have failed to state a cause of action in the amended Count II and for that reason the decision of the trial court should be affirmed.
We realize the trial court made no ruling on defendant's motion to strike and dismiss, but as provided in Supreme Court Rule 366 (Ill Rev. Stat. 1973, ch. 110A, par. 366(a)(5)):
"(a) Powers. In all appeals the reviewing court may, in its discretion, and on such terms as it deems just:
* * *
(5) give any judgment and make any order that ought to have been given or made, and make any other and further orders and grant any relief, including a remandment, a partial reversal, the order of a partial new trial, the entry of a remittitur, or the issuance of execution, that the case may require."
Recently, the supreme court in Herman v. Prudence Mutual Casualty Co. (1969), 41 Ill.2d 468, 244 N.E.2d 809, had occasion to consider issues similar to those in the instant case. In Herman several attorneys and their clients filed a three-count complaint, Counts I and II of which sought an injunction against and damages from an insurance company for alleged interference with contractual rights. Although ruling that Counts I and II did not state a cause of action, the court in Herman did recognize the theory of malicious interference with the attorney-client contract. The court stated:
"The inadequacy of counts I and II lies not in the theory of the action but in the absence of factual allegations supporting that theory." (41 Ill.2d 468, 472, 244 N.E.2d 800, 811.)
Indeed, we believe that the attorney-client relationship is a vital one and is entitled to the protection of the law. However, this does not mean *495 that every time a client settles a case with an insurance company without consulting with his or her attorney that an action will lie for malicious interference with contractual rights. As stated in Herman:
"* * * [A] party who is represented by counsel may discharge his attorney or negotiate a settlement in his own behalf, subject to such restrictive covenants in the retainer contract as may be valid." 41 Ill.2d 468, 478, 244 N.E.2d 800, 814.
In considering whether or not the complaint in Herman stated a cause of action for malicious interference with the attorney-client relationship, the court stated:
"While we have not heretofore had occasion to consider the propriety of an action for malicious interference with contractual rights when brought in relation to an attorney-client contract, factual allegations or evidence of breach or termination of the contract and resulting damage, which are totally absent here, were generally present in those cases in which courts sustained such actions for damages brought in connection with other types of contracts. (See London Guarantee and Accident Co. v. Horn, 206 Ill. 493; Doremus v. Hennessy, 176 Ill. 608; Northern Insurance Co. of New York v. Doctor, 23 Ill. App.2d 225.) Moreover, in none of the cases cited by plaintiffs, wherein actions for malicious interference with a contract for employment of an attorney have been successfully maintained outside of this State, have the allegations been limited as here. In each of the relevant cases, including those above cited, wherein recovery has been allowed or a complaint held sufficient, it was either alleged or shown that the client was induced by or conspired with the defendant to breach or terminate his contract with an attorney, thus depriving the attorney of compensation. In the majority of the cited cases the culpable conduct of the defendants has been more aggravated than that alleged in counts I and II, and we believe it a fair statement to say that in all of those cases the damage or added burden to plaintiffs resulting from the alleged misconduct was substantially greater than is here charged." 41 Ill.2d 468, 474-75, 244 N.E.2d 800, 812-13.
In the case at bar, there are no competent allegations tending to show that the client was induced by or conspired with the defendant to breach or terminate his contract with plaintiffs.
Although in the case at bar plaintiffs have alleged facts tending to show that the defendant insurance company knew of the attorney-client relationship and obtained a release by negotiating directly with the client, and that plaintiffs' client never paid plaintiffs their proportionate share of the fee, these facts alone are not enough to support a cause of action *496 for malicious interference with the attorney-client relationship. A client has a right to negotiate a settlement on his own behalf, and without alleging facts supporting the allegation that defendant insurance company induced plaintiffs' client to breach or terminate his contract with plaintiffs, no cause of action is stated.
Cases in which actions for malicious interference with the attorney-client contract have been successfully maintained clearly contain facts not alleged in the instant case. For example, in State Farm Insurance Co. v. Gregory (4th Cir.1950), 184 F.2d 447, there was evidence that the defendant insurance company induced the client to settle for less than the face value of the policy by representing that this would be more advantageous to him than proceeding with a lawsuit and dividing the recovery with his attorney. In Employers Liability Assurance Corp. v. Freeman (10th Cir.1955), 229 F.2d 547, there was evidence that the insurer's claim adjuster told the attorney's client that he did not need an attorney, that the insurance company would take care of everything and that certain payments the insurer was to make to the client would be stopped if the client got involved in a lawsuit. In Lurie v. New Amsterdam Casualty Co. (1936), 270 N.Y. 379, 1 N.E.2d 472, agents of the insurance company threatened plaintiff's client saying that unless he repudiated his retainer with the plaintiff he would receive no compensation for his injuries. In Herron v. State Farm Mutual Insurance Co. (1961), 56 Cal.2d 202, 363 P.2d 310, 14 Cal. Rptr. 294, the insurance company told plaintiff's client that he did not need an attorney and that a satisfactory settlement would be made. The insurance company in Herron even assisted the client in informing counsel of his dismissal.
In all of the above cases, there is some conduct on the part of the insurance company which induced the client to breach or terminate his contract with his attorney. In the case at bar no such conduct on the part of the insurance company is alleged. On the basis of the facts alleged we can only conclude that the client exercised his right to negotiate a settlement on his own behalf.
For the reasons above stated, it is our conclusion that Count II of plaintiffs' amended complaint fails to state a cause of action and for that reason the decision of the trial court should be affirmed.
Judgment affirmed.
DEMPSEY and MEJDA, JJ., concur.