Delmer P. HOWARD, Plaintiff-Appellant,

v.

CHRYSLER CORPORATION, Chrysler Motors Corporation, Chrysler Financial Corporation, Chrysler Credit Corporation, and Chrysler Realty Corporation, Colorado Dodge, Inc., Defendants-Appellees.

No. 81–1889.

United States Court of Appeals,
Tenth Circuit.

April 25, 1983.

---

Irvin M. Kent, Denver, Colo., for plaintiff-appellant.

Michael S. McCarthy of Conover, McClearn, Heppenstall & Kearns, P.C., Denver, Colo. (Frederic K. Conover II, Denver, Colo., with him on the brief), for defendants-appellees.

Before SETH, Chief Judge, and BREITENSTEIN and BARRETT, Circuit Judges.

SETH, Chief Judge.

The case was tried on two claims, one under the Automobile Dealer Franchise Act, and the other on a state claim of tortious interference with contractual relations. The proof advanced by the parties in nearly all respects went to both claims without a distinction being made.

There are several preliminary issues which need not be explored as the appeal can best be dealt with on the merits.

The proof in this Dealer Franchise Act cause of action against a manufacturer which is significant is that directed to the good faith by the defendant in carrying out the contractual relationship and in its termination. The trial necessarily covered a very large number of events, incidents and business practices which will not be recited in this opinion. These have been considered on the issue of "good faith" as the term is used in the Act (15 U.S.C. § 1221(e)). The Act there defines "good faith" as

> "to act in a fair and equitable manner ... to guarantee ... freedom from coercion, intimidation, or threats of coercion or intimidation ... *Provided,* That recommendation, endorsement, exposition, persuasion, urging or argument shall not be deemed to constitute lack of good faith." (Emphasis in original.)

[1] We have held for the actions of a manufacturer to *lack* good faith they must be unfair and inequitable "in addition to being for the purpose of 'coercion' or 'intimidation.'" *Randy's Studebaker Sales, Inc. v. Nissan Motor Corp.,* 533 F.2d 510 (10th

Cir.); *Hanley v. Chrysler Motors Corp.*, 433 F.2d 708 (10th Cir.). Arbitrariness by the manufacturer is not enough. *Salco Corp. v. General Motors Corp.*, 517 F.2d 567 (10th Cir.). Also under the terms of the Act itself "recommendation," "endorsement," "persuasion," "urging" and "argument" do not constitute lack of good faith. A failure to renew or a termination without an expressed reason is not necessarily an indication of lack of good faith. There must be proof of the elements described above.

The trial court in its memorandum reviewed in detail the series of events and acts which were advanced by plaintiff as violations of the statute. The court found that none constituted coercion or intimidation. Some actions it observed may have been arbitrary, but this was not in itself a violation of the Act. The trial court gave detailed consideration to the events which took place during the last four months of the relationship. It found that the acts of the defendant in this period were within the permitted categories of "recommendations," "persuasion," "endorsements," "urging" and "argument." The court found and said, "Nor does the evidence support plaintiff's allegations that the timing of his termination was prompted by Chrysler's bad faith."

The trial court found that there was no bad faith dealing on the part of Chrysler and that "all acts complained of are free from coercion and intimidation within the meaning of the ADFA." The court found that the problems arose from the economic conditions, poor business judgment and poor management, and the record supports these findings.

As to the state claim, it appears that Colorado accepts the *Restatement of Torts* position on tortious interference with contracts or business expectations. *Comtrol, Inc. v. Mountain States Tel. & Tel. Co.*, 32 Colo.App. 384, 513 P.2d 1082 (Colo.App.). Of the several elements in this doctrine which must be established by plaintiff, an interference by the defendant without privilege or justification was not demonstrated. The finding by the trial court that the defendant had a financial interest in the dealership is beyond question, and this interest gave rise to a privilege. Elements of estoppel to assert the privilege were not present. The trial court also found that the acts of the Board of Directors of the agency were based on business judgment, and there were no improper motives. We find no error in the trial court's handling of burden of proof issues.

We have considered the other issues raised by the appellant and find them to be without merit.

It is the judgment of this court that the judgment of the district court is affirmed.